**CONTINENTAL CASUALTY COMPANY,**
a Corporation,

v.

**HOUDRY PROCESS CORPORATION,**
a Corporation.

**Civ. A. No. 14616.**

United States District Court
E. D. Pennsylvania.

June 27, 1955.

Daniel Mungall, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for plaintiff.

J. B. H. Carter, Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

A concern called Process Engineers had a contract to build an oil cracking unit in Oklahoma. The contractor was unable to finish the job and the plaintiff, which had furnished the completion bond, took over and finished it at a loss. In this action the plaintiff is suing the defendant, the manufacturer of the unit, for damages, charging that the defendant was responsible for the failure, and assigning several grounds—participation in the project, breach of warranty and negligence.

The plaintiff has noticed its intention to take the depositions of four witnesses, two in Texas and two in Oklahoma. Two of these witnesses are employees or officers of the defunct contracting company, and two of them are employees or officers of the corporation for whom the unit was being constructed. They are the persons who can tell the whole story of the failure.

The defendant has moved for a protective order asking that the plaintiff be required to pay the expenses of its counsel in connection with the taking of the depositions. It is conceded that the defendant cannot satisfactorily arrange to be represented by local counsel only, at the taking of the depositions, but should send its trial counsel who has had charge of the preparation of the case and is familiar with its complexities.

This motion arises from a state of facts quite unlike that upon which the Court in Gibson v. International Freighting Corporation, D.C., 8 F.R.D. 487, Id., 3 Cir., 173 F.2d 591, ordered the defendant to pay the expenses of the plaintiff's counsel at the taking of a deposition in Chicago.

The deposition in the Gibson case was that of one of defendant's witnesses whose testimony the defendant wanted for its case. The plaintiff would not have called the witness or used his testimony. It did not appear that the plaintiff would have needed to examine him for discovery purposes. In the present case, it seems perfectly obvious that if the plaintiff had not first noticed the taking of the depositions of the witnesses here involved, the defendant would have been almost compelled to have done so. The fact is that neither party can prepare or try his case satisfactorily without their testimony. The depositions of these witnesses, or some of them, will no doubt be offered at the trial, probably by the plaintiff, but nevertheless the discovery feature is an important one and will undoubtedly be useful to both parties. While it was not the sole basis for the decision, there was a very marked element of hardship in the Gibson case. There is no such element here.

The plaintiff correctly states that this Court has generally been reluctant to impose charges of this kind upon the party taking the depositions and will usually rule that the parties should bear their own expenses, unless the circumstances are such as to indicate strongly that discretion should be exercised to the opposite effect.

The motion is denied.