This is an appeal from a final judgment for the plaintiff, and involves the review of the trial court's discretionary authority in awarding expenses incurred in taking a deposition.
Neither the facts nor the issue is disputed. Carbine Construction Company, Inc. (Carbine) was employed as general contractor by Eltinge, Grazidio and Sampson Development Company (EGSmetro), the owners, to construct certain buildings in a shopping center. Bill Cooper Roofing Company (Cooper) became the sub-contractor who agreed to construct the roofs of those buildings. After Cooper had commenced work on the roofs it was discovered that he had mistakenly used materials which did not comply with the specifications. A sample of the roof work was sent to a Birmingham testing laboratory, apparently on the authority of the owners, and the results of that test then were sent to Richard Klepper, an independent roofing consultant located in Sacramento, California, who was employed by EGSmetro.
After a dispute arose between the parties Cooper brought an action for damages against Carbine and EGSmetro. While the case was pending Carbine decided to depose Klepper because of his knowledge of material facts. The deposition was to be taken in San Francisco. The plaintiff, Cooper, moved for a protective order, and following a hearing on the motion the trial court entered an order containing the following: *Page 542 
 In consideration of the matters presented, it appears that the expenses in taking the witness' deposition in San Francisco, California, together with the time and expense of the Defendant's attorney and the Plaintiff's attorney incurred in traveling to California would be significantly greater than the expense incurred by the said Defendant in taking the witness' deposition in Birmingham, Alabama. The Court is, therefore, of the opinion that if the said Defendant elects to take the witness' oral deposition in San Francisco, California, the expense thereof to the Plaintiff will constitute an undue burden and expense to the said Plaintiff unless the Plaintiff's attorney's expenses are reimbursed by the said Defendant.
 It is, therefore, ORDERED ADJUDGED and DECREED by the Court as follows:
 1. In the event that the Defendant, Carbine Construction Company, elects to take the oral deposition of Mr. Richard Klepper in San Francisco, California, as noticed, the said Defendant shall reimburse the Plaintiff for the Plaintiff's attorney's reasonable expenses incurred by him in attending said deposition.
The sole question on this appeal is whether the trial court abused its discretion in requiring that Carbine pay theplaintiff's lawyer's expenses in making the California trip to take the deposition of EGSmetro's expert witness. We hold that it did.
Upon a showing of good cause, our Rule 26 (c), ARCP on discovery, by its express terms allows "the court in which the action is pending . . . may make any order which justice requires to protect a party or person from . . . undue burden or expense, . . ." We have recognized, moreover, that a trial court possesses a broad discretion in the discovery process, even though it is a reviewable discretion. Campbell v. RegalTypewriter Co., 341 So.2d 120 (Ala. 1976). In a given case the equities of the parties may require an adjustment in the relative costs, expenses and attorneys fees. Any order allowing such an adjustment, however, is conditioned upon a showing of good cause, that is must be based upon "a clear showing of the necessity or justification therefor. . . ." See generally, 23 Am.Jur.2d, Depositions and Discovery, § 250 (1965) at 639.
The matter of protective orders involving extraterritorial expenses is not a novel one in federal courts. In Machinoimportv. Clark Equipment Co., 11 F.R.D. 55 (S.D.N.Y. 1951) a corporate plaintiff had exercised its option to examine the officers and employees of the corporate defendant. The defendant then served notice to depose in New York the plaintiff's officers and employees, these people being residents of the U.S.S.R. The plaintiff moved for an order allowing it expenses and attorneys fees. After weighing the equities of the parties, and taking into consideration the nature of the case and the relative conveniences, the court denied the motion, stating at 60:
 It [plaintiff] is seeking a substantial recovery and should bear the necessary expense of litigation. As it has been aptly stated: "Every law suit is burdensome and expensive to the party litigants, but where it is found necessary to bring about a fair, impartial and thorough administration of justice, all sources of information must be made available regardless of expense or inconvenience resulting therefrom." (citations omitted)
Continental Casualty Co. v. Houdry Process Corp.,18 F.R.D. 75 (E.D.Pa. 1955) is a similar case. A building contractor failed to complete a job in Oklahoma so the plaintiff, which had issued a completion bond, finished the job at a loss and sued the manufacturer of the unit which was to have been installed. The plaintiff in Pennsylvania gave notice of its intent to depose two of the contractor's employees in Texas and two of the owner's officers in Oklahoma. The defendant moved for a protective order requiring plaintiff to pay the expenses of its counsel in connection with these depositions, having local counsel at the deposition concededly being an unsatisfactory arrangement. In denying the request the court said at 76: *Page 543 
 [I]t seems perfectly obvious that if the plaintiff had not first noticed the taking of the depositions of the witnesses here involved, the defendant would have been almost compelled to have done so. The fact is that neither party can prepare or try his case satisfactorily without their testimony. The depositions of these witnesses, or some of them, will no doubt be offered at the trial, probably by the plaintiff, but nevertheless the discovery feature is an important one and will undoubtedly be useful to both parties.
The court also noted an absence of marked hardship to the defendant.
Other federal cases on the question have reached the same result, that is, they have refused relief under such motions absent a showing of special circumstances, e.g., Interlego A.G.v. Leslie-Henry Co., 32 F.R.D. 9 (M.D.Pa. 1963) or unusual or impelling circumstances. Towe v. Sinclair Refining Co.,188 F. Supp. 222 (D.Md. 1960).
No such unusual, special or impelling circumstances appear in this case. The trial court simply concluded that the expenses of the San Francisco deposition, together with the plaintiff's and defendant's lawyers' time and expenses in travel there, would be greater than the expense incurred by the defendant Carbine's taking the witness' deposition in Birmingham. Since there is nothing in the record to the contrary, we may presume that the ordinary state of affairs existed and that the defendant Carbine was willing to pay the trip expenses and fees of its own lawyer. That aspect aside, the trial court had before it the relative expenses of an expert's trip to Alabama (he preferred California but would have come to Birmingham at EGSmetro's request) or the plaintiff's lawyer's trip to San Francisco. There is nothing in the record or in the trial judge's order to suggest anything unusual or impelling in that relationship, or to show that the expense of one was appreciably different from the other. Indeed, both sides would have benefited in their preparation from the witness' testimony and thus their individual expenses would have been justified, for aught that appears.
It follows that the trial court's order requiring the defendant Carbine to pay the plaintiff Cooper's lawyer's expenses in taking the deposition of EGSmetro's expert witness was an abuse of discretion. Accordingly, the case is reversed and remanded to the trial court for an order not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.