PER CURIAM.
Wiregrass Electric Cooperative, Inc. (“Wiregrass Electric”), sued the City of Dothan, its mayor, and the members of its city commission, seeking a judgment declaring the rights of the parties to provide electrical services to the Sunbelt Golf Complex, a new property development in Do-than. Wiregrass Electric also sought an injunction prohibiting the City of Dothan from providing electrical service to the Sunbelt Golf Complex. The trial court entered a judgment declaring that the City of Dothan has the right to provide services to any new premises within its corporate limits. The court denied the injunction, stating that Wiregrass Electric “may continue to provide electrical service to those premises already being served, but Dothan may provide any new service to customers within its city limits.” Wiregrass Electric appeals.
The Sunbelt Golf Complex is located inside the city limits of Dothan. Dothan is the primary electric supplier to the Sunbelt Golf Complex, and Wiregrass Electric is the secondary electric supplier. Wiregrass Electric supplies electricity to several premises located in the Sunbelt Golf Complex property. The City of Dothan has exercised its option to purchase Wiregrass Electric’s electric facilities under Ala.Code 1975, §§ 37-14-1 through § 37-14-17 (the 1984 Service Territories for Electric Suppliers Act); however, the purchase has not been consummated.
In 1984, the Alabama Legislature enacted the 1984 Service Territories for Electric Suppliers Act, codified at Ala.Code 1975, §§ 37-14-1 through 37-14-17. Subsequently, in Dixie Electric Cooperative v. Citizens of the State of Alabama, Civil Action No. CV-84-V-891-N, the United States District Court for the Middle District of Alabama declared that legislation invalid. In response to the district court’s decision, the Alabama Legislature enacted Ala.Code 1975, §§ 37-14-3 through 37-14-40, the 1985 Service Territories for Electric Suppliers Act. Section 37-14-40, part of the 1985 Act, provides that the 1984 Act shall remain in effect in the event that the 1984 Act is determined on appeal to be valid. The Court of Appeals for the Eleventh Circuit vacated the district court’s orders and remanded the case in Dixie Electric Cooperative v. Citizens of the State of Alabama, 789 F.2d 852 (11th Cir.1986), rehearing denied, 794 F.2d 687 (11th Cir.1986).
In its order on remand, the trial court held that the 1984 Act is controlling and that under that Act, the City of Dothan, as the primary electric supplier, has the option to purchase the service facilities of Wire-grass Electric, the secondary electric supplier, within the existing city limits of Do-than. The trial court concluded that because the City of Dothan has exercised its option to purchase Wiregrass Electric’s facilities, although the purchase has not been consummated, Wiregrass Electric is limited to continuing to provide electric service to premises being served as of April 1984 and may not extend service to new premises.
Wiregrass Electric argues that language contained in § 37-14-33(a)(5), a part of the 1985 Act that was not contained in the 1984 Act, is not inconsistent with the 1984 Act and that the 1985 Act provides that where the primary supplier has exercised its option to purchase and the sale has not been consummated, a secondary electric supplier may also have the right to provide electric service to new premises located closer to the existing distribution lines of the secondary electric supplier than to the existing lines of the primary supplier. Wiregrass argues, therefore, that under the facts of this case the trial court erred in determining that Wiregrass Electric may not extend electric services to new premises inside the city limits of Dothan. We agree.
Section 37-14-4, part of the 1984 Act, provides:
“The primary electric supplier within each municipality shall, at its option, have the right to acquire all distribution facilities of any secondary electric supplier used to supply retail electric service within the existing municipal limits and shall have the right to serve all premises within the existing municipal limits of *1209 such municipality subject to the following;
[[Image here]]
“(5) Each affected secondary electric supplier shall have the right to continue to provide service to premises located within the existing municipal limits until such time as the primary electric supplier exercises its option to purchase and until such purchase is consummated pursuant to the procedures established herein. In the event the electric facilities of the secondary electric supplier are subject to an option to purchase as provided herein, the secondary electric supplier shall have the right to continue to maintain such facilities and retail electric service until the primary electric supplier purchases the facilities of the secondary electric supplier; and in the event the primary electric supplier does not exercise the option to purchase the facilities of the secondary electric supplier as provided in this section, the secondary electric supplier shall have the right to continue to maintain its facilities and service and make extension to serve new premises within the existing municipal limits under the standards set forth in § 37-14-3_ The primary electric supplier shall be prohibited from extending service to such new or existing premises.”
Section 37-14-33(a), part of the 1985 Act, provides, in pertinent part:
“The primary electric supplier within each municipality shall, at its option, have the right to acquire all distribution facilities of any secondary electric supplier used to supply retail electric service within the existing municipal limits and shall have the right to serve all premises within the existing municipal limits of such municipality subject to the provisions of subdivisions (a)(1) through (a)(5). Except as authorized in this section, no secondary electric supplier shall extend facilities to serve existing or new premises within the existing municipal limits of the municipality.
[[Image here]]
“Each affected secondary electric supplier shall have the right to continue to provide service to premises located within the existing municipal limits until such time as the primary electric supplier exercises its option to purchase and until such purchase is consummated pursuant to the procedures established herein. In the event the electric facilities of the secondary electric supplier are subject to an option to purchase as provided herein, the secondary electric supplier shall have the right to continue to maintain such facilities and retail electric service until the primary electric supplier purchases the facilities of the secondary electric supplier. Until the purchase of the facilities of the secondary supplier is consummated, the secondary supplier shall also have the right, subject to consent of the municipality with respect to any construction or operation for which a municipal consent is required, to provide service to any new premises located closer to the existing distribution lines of the secondary electric supplier than to those of the primary electric supplier or any other electric supplier.... In the event the primary electric supplier does not exercise the option to purchase the facilities of the secondary electric supplier as provided in this section, the primary electric supplier and any other electric supplier shall be prohibited from extending its facilities for service to existing premises being served by the secondary electric supplier or to new premises located closer to the existing distribution lines of the secondary electric supplier than to the existing distribution lines of the primary electric supplier or any other electric supplier under the standards set forth in § 37-14-32. The secondary electric supplier shall have the right to continue to maintain its facilities and service and make extensions to serve new premises within the existing municipal limits set forth in § 37-14-32_”
(Emphasis added.)
The additional language in § 37-14-33(a), from the 1985 Act, is not inconsistent with the provisions in § 37-14-4, from the 1984 Act; the additional language in that section from the 1985 Act merely clarifies and extends the provisions of the 1984 Act. *1210 Construing the provisions of the 1984 and 1985 Acts in pari materia, as this Court is required to do, we hold that until the purchase of the facilities by the City of Dothan is consummated, Wiregrass also has the right, subject to the consent of the City of Dothan with respect to any construction or operation for which municipal consent is required, to provide electric service to any new premises located closer to Wiregrass Electric’s existing distribution lines than to the City of Dothan’s existing distribution lines. We conclude that the trial court erred in determining that Wiregrass Electric is limited to continuing to provide electric service to premises being served as of April 1984 and may not extend service to new premises.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX * and SHORES, JJ., dissent.