686 So.2d 1135 (1996)
Ex parte COMPASS BANK.
Re Tarif QANADILO
v.
COMPASS BANK, et al.
1951249.
Supreme Court of Alabama.
September 6, 1996.
Rehearing Denied November 27, 1996.
*1136 Michael L. Edwards, Gregory C. Cook and Lisa J. Sharp of Balch & Bingham, Birmingham, for Petitioner.
Thomas E. Baddley, Jr. and Jeffrey P. Mauro of Baddley & Crew, P.C., Birmingham, for Respondent.
SHORES, Justice.
The defendant Compass Bank petitions for a writ of mandamus directing Judge William J. Wynn of the Jefferson County Circuit Court to set aside his order compelling broad discovery in this case. We grant the writ.
In 1993, Tarif Qanadilo purchased two variable annuity policies through Compass Bank. The policies were named "Franklin Valuemark II variable annuity" and were a product of Allianz Life Insurance Company of North America. Qanadilo later discovered that these variable annuity investments lacked liquidity and that his policies had lost value. In August 1994 Qanadilo filed a putative class action against Compass Bank; Allianz Life Insurance Company; Susan T. Dennis, an employee of Compass Bank at its Scottsboro location; and fictitiously named parties. He sought to represent "all bank customers who have signed transfer documents pursuant to solicitation and advice from the Defendants which transferred their secured investment into speculative and market determinative investments without proper disclosure." Qanadilo's complaint also alleged fraud and negligence. He claims that Compass Bank suppressed information regarding the amount of fees and expenses charged in regard to the Franklin Valuemark II variable annuities he purchased and that Compass Bank failed to supervise its employees and breached its fiduciary duty in connection with the costs, fees, and expenses of the annuities. No class has been certified in the case.
On November 6, 1995, Judge T.M. Smallwood, Jr., entered a partial summary judgment for the defendants on all claims related to the disclosures that had been made in bold print directly above the plaintiff's signature on the application form. His order read in pertinent part:
"In bold print is a paragraph above Plaintiff's signature.... The Court specifically notes section (a) which reads, `The annuity may increase or decrease depending on the contract's investment results,' and (b) which reads, `No minimum cash value is guaranteed.' The Plaintiff's claim as to these provisions is without merit and he must have `closed his eyes' to the discovery of the truth ..., see Hurst v. Nichols Research Corp., 621 So.2d 969 [964] [(Ala.1993)]. The balance of Plaintiff's claims being disputed matters of fact are properly left to the jury. The ... Defendants' motions for summary judgment are granted in part and denied in part. Defendants' motion for summary judgment relative to market determinative risks and the companion claim of a lack of stability is granted; and the balance of the motions for summary judgment to the Plaintiff's claims are denied. Plaintiff will be allowed to pursue the balance of his claims. See Liberty National Life Insurance Co. v. McAllister, 675 So.2d 1292 (Ala.1995), and Hicks v. Globe Life & Accident Insurance Co., 584 So.2d 458 [(Ala.1991)]...."
This order left standing only Qanadilo's claims regarding the alleged failure to disclose costs, fees, and expenses. Judge Smallwood then recused, and the case was assigned to Judge Wynn.
Qanadilo continued to pursue the remaining claims, by filing a broad request for production of documents. His request included these paragraphs:
"8. Please produce any evidence of all customer complaints involving variable annuities, mutual fund and other such activities of representatives located at banking branches.
"9. Please produce all customer correspondence relating to variable annuities, *1137 mutual funds, and other such products and the activities of representatives located in bank branches.
"10. Please produce copies of all files indicating review by principals or other supervisory personnel of customer correspondence, customer transaction records and customer account records for all variable product activities conducted at branch facilities....
". . . .
"14. Please produce a list of all Alabama residents, including their mailing addresses, who have entered into agreements with Compass Bank and/or Allianz Life Insurance Company to purchase variable annuities, mutual funds, and other such products from January 1, 1990, to the present.
"15. Please produce all contracts entered into between Compass Bank and/or Allianz Life Insurance Company and all Alabama residents who have purchased variable annuities, mutual funds, and other such products from January 1, 1990, to the present."
Compass responded to these requests by presenting affidavits from employees indicating that the requested discovery would require the manual review of thousands of files and thus would be unduly burdensome, oppressive, and expensive. Qanadilo filed a motion to compel discovery, which Judge Wynn granted. Compass Bank then filed a "Motion for Reconsideration," again contending that the request for production of documents was overly broad and burdensome.
On April 24, 1996, Judge Wynn held as follows:
"This Court has reviewed all materials submitted in connection with defendant's Motion for Reconsideration of Plaintiff's Motion to Compel.
"It appears defendant's chief objection, in substance, is based on the fact that plaintiff could never be a proper class representative.
"This Court, however, continues to take no note of any class considerations and has previously stated the plaintiff does not appear to be a proper class representative.
"This is not a class action. Therefore, defendant is ordered to produce requested discovery as respects all variable rate annuities. By implication, this Order precludes plaintiff from discovering information regarding mutual funds."
In response, Compass Bank petitioned this Court for a writ of mandamus directing Judge Wynn to set aside his order compelling Compass (1) to produce information that is related to variable annuity products that the plaintiff did not purchase, (2) to produce information on customers who have not complained, (3) to produce information on customers who are not within the class as defined by the plaintiff, and (4) to produce confidential customer information without any restrictions on the use of such information.
Mandamus is the "proper means of review to determine whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders so as to prevent an abuse of the discovery process by either party." Ex parte Mobile Fixture & Equipment Co., 630 So.2d 358, 360 (Ala.1993). Mandamus is an extraordinary remedy requiring a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991); Ex parte Johnson, 638 So.2d 772, 773 (Ala.1994).
Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion. Ex parte Clarke, 582 So.2d 1064, 1067 (Ala.1991); Ex parte McTier, 414 So.2d 460 (Ala.1982). Rule 26(c), Ala.R.Civ.P., recognizes that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. Campbell v. Eastland, 307 F.2d 478 (5th *1138 Cir.1962), cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963).
Qanadilo argues that because he alleges fraud, discovery should be broad. He contends that, because of his allegation of fraud, he is entitled to unlimited "pattern and practice" discovery. However, even in a fraud case, justice requires the trial court to protect a party from oppression or undue burden or expense. Rule 26(c), Ala.R.Civ.P. Our cases support such protective action by a trial court. In Ex parte Mobile Fixture & Equipment Co., 630 So.2d 358 (Ala.1993), this Court held that the trial court was within its discretion in denying, as overbroad, a security service's request for production of information concerning investigations, management reviews, and field audits of all employees and all customers. Id. at 360. Such discovery would have required the review of 5,400 files and would have required the defendant to reveal the names, addresses, and telephone numbers of its customers. In Ex parte McTier, 414 So.2d 460 (Ala.1982), the plaintiff sought discovery of each person, firm, or entity that had leased a protective system from Rollins Protective Services. Rollins objected on the grounds that compliance with the discovery request would require Rollins to review manually a large number of records and would violate its customers' rights to privacy. This Court upheld the trial court's denial of the plaintiff's motion to compel production of documents. Id. The discovery requests denied in both of those cases were far less oppressive and burdensome than the discovery requests Compass Bank has been ordered to comply with in this case.
While a trial court possesses broad discretion in the discovery process, the exercise of that discretion is reviewable. Carbine Constr. Co. v. Cooper, 368 So.2d 541 (Ala. 1979). We have carefully examined Compass Bank's petition and supporting materials, and we conclude that Compass Bank is entitled to a writ of mandamus requiring the trial judge to vacate his order. A summary judgment has been entered in favor of Compass Bank on all claims that do not relate to the costs, fees, and expenses of the Valuemark II variable annuity. The Valuemark II variable annuity purchased by Qanadilo is a product of Allianz Insurance Company, a defendant in this action. Valuemark II has a different prospectus, different terms and conditions, and different costs and expenses from other variable annuities. Therefore, discovery should be limited to information that is related to the Valuemark II product that the plaintiff purchased.
In addition, we note that there is no dispute that there has been no class certification in this case. In fact, the trial judge has stated on the record that this is not a class action.
We conclude that Compass Bank has made a clear showing that the trial judge abused his discretion in ordering the production of every customer file for every variable annuity. An affidavit presented in evidence estimated that this order would require production of at least 21,246 customer files and would involve the review of files on 35,000 transactions. This would be unduly broad, burdensome, and expensive. The trial judge erred in failing to limit discovery to matters related to the putative class members and to matters related only to the Franklin Valuemark II variable annuity, the annuity purchased by the plaintiff.
For the reasons stated above, the petition for the writ of mandamus is granted. The trial judge is directed to vacate his order compelling production.
WRIT GRANTED.
MADDOX, ALMON, KENNEDY, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., concurs specially.
HOUSTON, J., recuses.
HOOPER, Chief Justice (concurring specially).
I concur, with the understanding that this Court is directing that the discovery order be vacated as to all four issues raised by Compass Bank. To be more specific, I understand that the trial judge should place restrictions on the use of confidential customer information *1139 provided to the plaintiff by Compass Bank.