HOUSTON, Justice
(concurring in part and dissenting in part).
If it were not for Regulation No. 70, promulgated by the Commissioner of Insurance pursuant to Ala.Code 1975, § 27-2-17, this case would be indistinguishable from Ex parte Compass Bank, 686 So.2d 1135 (Ala. 1996), and Ex parte Heilig-Meyers Furniture Co., 684 So.2d 1292 (Ala.1996). Therefore, I am compelled by recent precedent to hold that the two discovery requests are unduly burdensome except as to information Regulation No. 70 requires Connecticut Mutual to keep. I am persuaded that Connecticut Mutual should have complied with Regulation No. 70, that the trial court did not abuse its discretion in requiring Connecticut Mutual to produce that information the plaintiff requested that Connecticut Mutual was required to keep in “a replacement register, cross indexed, by replacing agent and existing insurer” for the last 5 years. To the extent that the trial court’s order required Connecticut Mutual to produce information Regulation No. 70 required it to keep for 5 years, I would deny the petition. To the extent that the trial court ordered more than Connecticut Mutual was required to keep *932 under Regulation No. 70, I would grant the petition. The extra information required by the trial court’s order would be unduly burdensome and expensive to compile. See the uncontradicted affidavits of Thomas C. O’Connor and Edward T. Saunig. Ex parte Compass Bank, supra; Ex parte Heilig-Meyers Furniture Co., supra.
MADDOX and SEE, JJ., concur.