SEE, Justice.
L.S.B., the defendant in a civil action pending in the Mobile Circuit Court, petitions this Court for a writ of mandamus directing the trial court to vacate its order that denied his motion for a protective order and directing the trial court to grant that motion. The issue presented by this petition is whether, in light of the Fifth Amendment privilege against self-incrimination, the trial court abused its discretion in denying the motion for a protective order. We deny the writ.
I.
L.S.B. was indicted by a Mobile County Grand Jury for first-degree sexual abuse, a violation of § 13A-6-66, Ala.Code 1975, and first-degree sodomy, a violation of § 13A-6-63. The indictment charged as follows:
“[COUNT ONE:] [L.S.B.] being sixteen years of age or older, did knowingly subject [A.J.C.], who at the time was less than twelve years of age, to sexual contact, to-wit: by fondling her vagina with his hands, in violation of § 13A-6-66 of the Code of Alabama, against the peace and dignity of the State of Alabama.
“[COUNT TWO:] [L.S.B.] did engage in deviate sexual intercourse, to-wit: by placing [his] mouth ... onto the *577 vagina of [A.J.C.], the said [A.J.C.] being less than twelve years of age, and the said [L.S.B.], being sixteen years old or older, in violation of § 13A-6-63 of the Code of Alabama.”
During L.S.B.’s criminal trial, the court allowed the State to introduce evidence of a pattern of abuse by L.S.B. against A.J.C. that extended over several years. A.J.C. testified that she had been sexually abused by L.S.B. numerous times at many different locations. L.S.B. objected, arguing that “[t]he indictment only charges one offense in each count, so [evidence of] more than one [instance of sexual abuse] would be impermissible.” The trial court overruled the objection.[1] L.S.B. was convicted and sentenced on both counts.
Thereafter, A.J.C., acting through T.D.B.,[2] sued L.S.B., making various claims arising from L.S.B.’s alleged sexual abuse of A.J.C. on numerous occasions from 1988 to 1999. T.D.B. filed interrogatories and a request for production, seeking to elicit information relevant to the allegations in A.J.C.’s complaint. L.S.B. moved the trial court for a protective order, pursuant to Rule 26(c), Ala. R. Civ. P.,[3] arguing that the Fifth Amendment privilege against self-incrimination shields him from having to reply to T.D.B.’s interrogatories and her request for production. See U.S. Const., amend. V.; Ala. Const. 1901, art. I, § 6. He argued that his conviction was based on only one incident of sexual abuse and that, if he were to disclose any information regarding other alleged instances of sexual abuse, he would be subjecting himself to further criminal charges. After conducting a hearing, the trial court denied the motion. L.S.B. now petitions this Court for a writ of mandamus directing the trial court to vacate its order denying his motion for a protective order and directing the trial court to grant that motion.
II.
“A writ of mandamus is an extraordinary remedy, and one petitioning for it must show: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.” Ex parte Ridgeview Health Care Ctr., Inc., 786 So.2d 1112, 1115 (Ala.2000). T.D.B. argues that L.S.B. cannot meet the third requirement, because “another adequate remedy ... existed at the time the petition was filed.” Specifically, she contends that L.S.B. could have filed a timely petition, pursuant to Rule 5, Ala. R.App. P., for permission to appeal from the interlocutory order denying L.S.B.’s motion for a protective order. See Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998)(“A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal.”).
*578 In Ex parte Spears, 621 So.2d 1255, 1256 (Ala.1993), this Court discussed its “ ‘liberal enlargement of the use of the writ’ ” of mandamus, stating that “ ‘[t]he test, as to whether mandamus will be issued, now seems to depend on whether the remedy by appeal is adequate to prevent undue injury rather than the availability merely of [a] remedy by appeal.’ ” Id. at 1256 (quoting Ex parte Weissinger, 247 Ala. 113, 118, 22 So.2d 510, 515 (1945)). We further stated:
“It is now a well-established general rule in this state that if the matters complained of can ultimately be presented by an appeal, a writ of mandamus will not be issued. Ex parte Fowler, 574 So.2d 745 (Ala.1990). However, this Court, exercising its discretion, has recognized certain exceptions to this general rule in specific cases where appeals are not considered to be adequate to prevent ‘undue injury.’ See, e.g., Ex parte Nissei Sangyo America, Ltd., 577 So.2d 912 (Ala.1991)(mandamus proper to review discovery rulings); Ex parte Insurance Co. of North America, 523 So.2d 1064 (Ala.1988)(mandamus proper to enforce a trial court’s compliance with this Court’s mandate); Ex parte Rush, 419 So.2d 1388 (Ala.1982)(mandamus proper to enforce a statutory or constitutional right to a jury trial); Ex parte Weissinger, supra (mandamus proper to vacate certain interlocutory rulings in divorce cases); see also Ex parte Brooks, 264 Ala. 674, 89 So.2d 100 (1956); and Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432 (1955), and the cases cited therein.”
Spears, 621 So.2d at 1256.
L.S.B. notes that this Court has consistently held that “[a] petition for the writ of mandamus is the proper means for obtaining review of the question ‘whether a trial court has abused its discretion ... in resolving discovery matters, and in issuing discovery orders.’ ” Ex parte Water Works & Sewer Bd. of the City of Birmingham, 723 So.2d 41, 42 (Ala.1998)(quoting Ex parte Compass Bank, 686 So.2d 1135, 1137 (Ala.1996)); see also Ex parte Compass Bank, 686 So.2d at 1137; Ex parte Mobile Fixture & Equip. Co., 630 So.2d 358, 360 (Ala.1993). Other jurisdictions have recognized this exception under certain circumstances as well. See, e.g., Glenmede Trust Co. v. Thompson, 56 F.3d 476, 482-83 (3d Cir.1995); Smith v. BIC Corp., 869 F.2d 194, 198 (3d Cir.1989); In re Bay Area Citizens Against Lawsuit Abuse, 982 S.W.2d 371, 374-75 (Tex.1998); State ex rel. FirsTier Bank, N.A. v. Mullen, 248 Neb. 384, 534 N.W.2d 575 (1995); Walker v. Packer, 827 S.W.2d 833, 843-44 (Tex.1992); Anderson v. Miller, 320 Or. 316, 882 P.2d 1109, 1112-13 (1994). This Court continues to adhere to the well-established exception that “[a] petition for the writ of mandamus is the proper means for obtaining review of the question ‘whether a trial court has abused its discretion ... in resolving discovery matters, and in issuing discovery orders.’ ” Ex parte Water Works, 723 So.2d at 42.
“Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion.” Ex parte Compass Bank, 686 So.2d at 1137. “ ‘The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief,’ ” and “ ‘[t]he writ will not issue where the right in question is doubtful.’ ” Ex parte Bozeman, 420 So.2d 89, 91 (Ala.1982) (quoting Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102 (Ala.1981)).
*579 III.
L.S.B. argues that his conviction was based on only one incident of sexual abuse and that if he were required to disclose information regarding any other alleged instances of sexual abuse of A.J.C., then he would subject himself to further criminal prosecution. Therefore, he argues, the privilege against self-incrimination applies and the trial court abused its discretion in denying his motion for a protective order.
The self-incrimination clause of the Fifth Amendment to the United States Constitution provides that “[n]o person shall ... be compelled in any criminal case to be a witness against himself.” U.S. Const., amend. 5, cl. 3. That protection extends to .witnesses and parties in civil actions. Ex parte Weems, 711 So.2d 1011, 1013 (Ala.1998)(citing Lefkowitz v. Cunningham, 431 U.S. 801, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977)). The application of the privilege to a witness or party in a civil action is not dependent on whether a criminal charge has been filed. Ex parte Coastal Training Inst., 583 So.2d 979 (Ala.1991). This Court has stated:
“ ‘If a party reasonably apprehends a risk of self-incrimination, he may claim the Fifth Amendment privilege although no criminal charges are pending against him and even if the risk of prosecution is remote.’ ”
Id. at 981 (quoting Ex parte Baugh, 530 So.2d 238, 240, n. 2 (Ala.1988)). Thus, when a party in a civil action “reasonably apprehends, a risk of self-incrimination,” he may assert his Fifth Amendment right to remain silent. The party’s mere assertion of the privilege, however, is not determinative. The trial court is required to determine whether the privilege applies, under the circumstances of the case. The United States Supreme Court has stated:
“It is for the court to say whether [the party’s] silence is justified, and to require him to answer if ‘it clearly appears to the court that he is mistaken.’ ... To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. The trial judge in appraising the claim ‘must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence.’ ”
Hoffman v. United States, 341 U.S. 479, 486-87, 71 S.Ct. 814, 95 L.Ed. 1118 (1951) (citations omitted). Therefore, we must determine whether it is clearly unreasonable for L.S.B. to “apprehendf ] a risk of self-incrimination,” Coastal Training Inst., 583 So.2d at 981. In other words, we must determine whether there is a remote risk that L.S.B. could be prosecuted for any other alleged instances of sexual abuse of A.J.C.
The Double Jeopardy Clause of the Fifth Amendment protects “an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.” Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).[4] T.D.B. argues that L.S.B.’s prior conviction was for the ongoing pattern of sexual abuse of A.J.C. rather than for a single incident. Therefore, she argues, the Fifth Amendment’s double-jeopardy protection precludes L.S.B. from being charged in the future *580 for criminal offenses arising from the pattern of sexual abuse. We conclude that L.S.B. is not entitled to a protective order because, based on the facts presently before this Court, there appears to be no risk of any further criminal prosecution of L.S.B. for the incidents of sexual abuse of A.J.C.
In Murphy v. State, 355 So.2d 1153 (Ala.Crim.App.1978), the defendant was convicted of carnal knowledge of a girl under 12 years of age. At trial, “[t]he victim testified that [the] defendant, her father, had had sexual relations with her at numerous times commencing when she was eight or nine years of age and continuing [until the incident in December 1976, when] she was nearly thirteen years of age and which incident she reported to the police within a day or two after its occurrence.” Murphy, 355 So.2d at 1154. The defendant appealed his conviction. The Court of Criminal Appeals stated:
“The indictment followed the Code form and did not specify the time of the crime charged. The State made no effort to confine its proof tó a specific time or to point out the particular separate offense for which it sought a conviction. Under these circumstances, it should be noted that if defendant’s conviction stands, the principles of former jeopardy will preclude any other prosecutions of appellant under Tit. 14, § 398 [Ala.Code of 1940, Recomp.1958] as to the same girl. Eastep v. State, 25 Ala.App. 593, 151 So. 616 (1933); 22 C.J.S. Criminal Law § 280. This probably explains the handling of the defendant’s case and sets at naught any possible contention that he should have insisted that the State point out specifically the separate crime for which defendant was being tried.”

Id.

Likewise, L.S.B.’s indictment “did not specify the time of the crime charged” and the “State made no effort to confine its proof to a specific time or to point out the particular separate offense for which it sought a conviction.” Id. To the contrary, the State argued at the criminal trial that “[t]his is a child-abuse case that happened over a lengthy period of time with numerous instances.” In addition, A.J.C. testified for the State that she was sexually abused by L.S.B. numerous times at many different locations. L.S.B. objected, arguing that “[t]he indictment only charges one offense in each count, so [evidence of] more than one [instance of sexual abuse] would be impermissible.” L.S.B. then demanded that the State point out specifically the separate crime for which he was being tried. The trial court overruled the objection, and the State did not specify a specific instance on which the prosecution was based.[5] Moreover, L.S.B.’s “conviction report” does not list a date of the offense for which he was convicted. Thus, *581 we conclude that the principles of former jeopardy will preclude any other prosecutions of L.S.B. in Alabama courts based on his pattern of sexual abuse of A.J.C.
L.S.B. also argues that, even if other prosecutions are precluded in Alabama courts, there is a possibility that he could be prosecuted in a federal court for the same incidents of sexual abuse of A.J.C. Specifically, he contends that he could be prosecuted for federal sex-crime offenses such as “Aggravated sexual abuse,” 18 U.S.C. § 2241; “Sexual exploitation of children,” 18 U.S.C. § 2251; or “Certain activities relating to material involving the sexual exploitation of minors,” 18 U.S.C. § 2252. Those statutes provide in pertinent part:
“[§ 2241](c) With children. — Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or knowingly engages in a sexual act under the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.”
“[§ 2251](a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in ... any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.”
“[§ 2252](a) Any person who—
“(1) knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if—
“(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
“(B) such visual depiction is -of such conduct;
[[Image here]]
[[Image here]]
“shall be punished as provided in subsection (b) of this section.”
(Emphasis added.)
L.S.B. has not met his burden of showing “a clear legal right” to have the trial court enter a protective order. Ridgeview Health Care Ctr., 786 So.2d at 1115. The materials presently before this Court do not include copies of the plaintiffs interrogatories and her request for production. The party seeking a writ of mandamus bears the burden of submitting “copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition.” Rule 21(a), Ala. R.App. P. We are favored only with the following description, contained in L.S.B.’s “Motion to Set Aside and/or Motion for Protective Order,” which *582 is attached as exhibit 3 to the petition for the writ of mandamus:
“3. The Plaintiffs served the Defendant with interrogatories and request for production designed to elicit information relevant to these [tort] charges.”
Because of L.S.B.’s failure to provide these essential documents, this Court is unable to determine exactly what information T.D.B. seeks through her interrogatories and her request for production. Thus, we do not know that the information sought could potentially subject L.S.B. to prosecution in a federal court. All we can determine for certain from the briefs is that T.D.B. is seeking information concerning the incidents of sexual abuse that were testified to in L.S.B.’s criminal trial. However, L.S.B. has not provided this Court with any evidence introduced at his criminal trial indicating that he would be subject to prosecution in a federal court for violating the statutes quoted above. Specifically, no evidence before this Court indicates that any visual depiction was produced during the ongoing sexual abuse of A.J.C. In addition, no evidence before this Court indicates that any incident of sexual abuse of A.J.C. by L.S.B. had a sufficient nexus with interstate commerce or foreign commerce to lead to a federal prosecution. See United States v. Corp, 236 F.3d 325 (6th Cir.2001)(holding that 8 U.S.C. § 2252 was unconstitutional as applied to a defendant whose activities did not have a sufficient nexus with interstate commerce). L.S.B. also has presented this Court no evidence from his criminal trial to indicate that the alleged incidents of sexual abuse occurred “in the special maritime and territorial jurisdiction of the United States or in a Federal prison.”[6]
Therefore, because L.S.B. has not clearly shown that there is a risk that further criminal charges will be brought against him arising from the claims of sexual abuse against A.J.C., we conclude that the rule against self-incrimination is inapplicable to this case. Thus, T.D.B. is entitled to discovery concerning the incidents of sexual abuse testified to in L.S.B.’s criminal trial.
IV.
The trial court did not abuse its discretion by denying the motion for a protective order. L.S.B. has not shown that he has a clear legal right to a protective order. Therefore, the petition for the writ of mandamus is denied.
WRIT DENIED.
MOORE, C.J., and BROWN, HARWOOD, and STUART, JJ., concur.

. The Stale argued that "[t]his is a child abuse case that happened over a lengthy period of time with numerous instances.” L.S.B. argued that the indictment does not "charge a continuous behavior on anybody's part” and demanded that the State point out specifically the separate crime for which he was being tried. The trial court granted L.S.B. a continuous objection as to any mention of other instances of sexual abuse.

. T.D.B. is A.J.C.'s mother and L.S.B.'s stepdaughter.

. "Rule 26(c), Ala. R. Civ. P., recognizes that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party.” Ex parte Compass Bank, 686 So.2d 1135, 1137 (Ala.1996).

. The Double Jeopardy Clause has been made applicable to the States through the Due Process Clause of the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

. The propriety of the trial court's overruling of L.S.B.'s objection in the criminal trial is not an issue before this Court. But see R.A.S. v. State, 718 So.2d 117, 122 (Ala.1998)("If the State chooses not to elect the specific act [in cases involving both specific and generic evidence], the trial court must instruct the jury that all 12 jurors must agree that the same underlying criminal act has been proved beyond a reasonable doubt, thereby assuring a unanimous verdict on one criminal act.”). In L.S.B.'s criminal case, he and the State agreed to a bench trial.
It should also be noted that, in R.A.S., this Court stated, "Whether the incidents are to be charged separately or brought as one charge is a decision within prosecutorial discretion .... Obviously, there may be times when the prosecutor's decision to bring only a single charge may indicate that the election of one particular act for prosecution is impractical.” 718 So.2d at 122 n. 2. L.S.B. did not appeal his criminal conviction.

. The term "special maritime and territorial jurisdiction of the United States” is defined in 18 U.S.C. § 7. L.S.B. has provided this Court no evidence indicating that the alleged incidents of sexual abuse of A.J.C. subject him to the jurisdiction of the federal courts. See also Ex parte Mulvaney, 82 F.Supp. 743, 745 (D.Haw.1949)(holding that "[l]he incidental fact that the accused is a Navy man [accused of raping a civilian nurse] does not transfer this essential jurisdiction [of the State of Hawaii] to the Navy courts, nor give [them] concurrent jurisdiction in the absence of an expression by Congress to that effect'')(citing 18 U.S.C. § 7).