543 So.2d 682 (1989)
Ex parte Terry Lee EDGAR.
(In re Eleanor DEAN v. Terry Lee EDGAR and Alfa Mutual Insurance Company, et al.).
Ex parte ALFA MUTUAL INSURANCE COMPANY, a corporation.
(In re Eleanor DEAN v. Terry Lee EDGAR and Alfa Mutual Insurance Company, et al.).
88-65-M & 88-67-M.
Supreme Court of Alabama.
April 7, 1989.
Joe C. Cassady of Cassady, Fuller & Marsh, Enterprise, for petitioner/cross-respondent Terry Lee Edgar.
*683 L. Merrill Shirley, Elba, for respondent/cross-petitioner Alfa Mut. Ins. Co.
Debbie Lindsey Jared of Lindsey, Jared & Young, Elba, for respondent Eleanor Dean.
HOUSTON, Justice.
On January 14, 1987, Eleanor Dean was involved in an automobile accident with Terry Lee Edgar. On January 21, 1988, Ms. Dean filed a complaint in the Circuit Court of Coffee County, Elba Division, against her automobile liability insurance carrier, Alfa Mutual Insurance Company ("Alfa"), seeking to recover uninsured motorist benefits under her policy. Alfa was served with the complaint on January 22, 1988. Ms. Dean amended her complaint on February 1, 1988, stating a claim against Alfa for underinsured motorist benefits and naming Edgar as a defendant, alleging that his negligence or wantonness proximately caused the personal injuries that she had sustained in the accident. Alfa was served with the amended complaint on February 3, 1988. Alfa filed a motion to dismiss the complaint on February 7, 1988. On February 25, 1988, Alfa amended its motion to dismiss and, alternatively, moved, pursuant to Rules 42(b) and 18(c), A.R.Civ.P., to have Ms. Dean's claim against it for insurance coverage resolved in a trial separate from her related claims against Edgar. On March 1, 1988, Edgar filed a motion seeking to have the case transferred to the Circuit Court of Covington County, pursuant to Alabama Code 1975, § 6-3-21.1 The motions filed by Alfa and Edgar were denied by the trial court on April 19, 1988. On May 2, 1988, citing Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala.1988) (decided February 26, 1988), Alfa filed a motion seeking to exercise its option not to participate in the trial of Ms. Dean's claims against Edgar. Alfa did, however, seek to participate in discovery. Alfa amended this motion on August 29, 1988, by stating that it was reserving its right to intervene in the case at a later date.[1] Ms. Dean filed an objection to the court's allowing Alfa to withdraw from the case, which, in pertinent part, stated as follows:

*684 "Notice is not timely made. Further there is no authority to grant Defendant's request to participate in discovery and to reserve the right to join the litigation at some future date to be determined by Defendant."
On September 27, 1988, the trial court denied Alfa's request to withdraw, stating that it was doing so because, it said, Alfa had failed to make a timely election. Alfa then filed a petition in this Court for a writ of mandamus, seeking an order directing the trial court to allow it to exercise its option to withdraw from the case. Edgar also filed a petition in this Court for a writ of mandamus, seeking an order directing the trial court to transfer the case, pursuant to § 6-3-21.1, supra, from Coffee County to Covington County. For the following reasons, both petitions are denied.
We note at the outset that mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Barber v. Covington County Comm'n, 466 So.2d 945 (Ala.1985). In cases involving the exercise of discretion by an inferior court, mandamus may issue to compel the exercise of that discretion. It may not, however, issue to control or review the exercise of discretion except in a case of abuse. Ex parte Smith, 533 So.2d 533 (Ala.1988).
Arguing that it made a proper election to withdraw from the case under Lowe, supra, Alfa contends that the trial court erred in refusing to allow it to exercise its right not to participate in the trial of Ms. Dean's claims against Edgar. We disagree.
In Lowe, supra, this Court stated as follows:
"A plaintiff is allowed either to join as a party defendant his own liability insurer in a suit against the underinsured motorist or merely to give it notice of the filing of the action against the motorist and of the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial. If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect either to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), or not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court). Under either election, the insurer would be bound by the factfinder's decisions on the issues of liability and damages. If the insurer is not joined but merely is given notice of the filing of the action, it can decide either to intervene or to stay out of the case. The results of either choice parallel those set out abovewhere the insurer is joined as a party defendant. Whether the choice is timely made is left to the discretion of the trial court, to be judged according to the posture of the case. In either event, the trial court could then fashion its judgment accordingly." (Emphasis in Lowe.) 521 So.2d at 1310.
Expressing concern that evidence of underinsured motorist insurance could have a corrupting influence on a jury in determining the liability of an underinsured motorist, this Court specifically recognized in Lowe that the liability insurer has the absolute right to elect not to participate in the trial of its insured's claim against an underinsured motorist, provided the election is timely. The Court also recognized that if the insurer is not joined, but merely is given notice of the filing of the action, it can decide either to intervene or to stay out of the case. We wrote: "The results of either [of these choices] parallel those ... where the insurer is joined as a party defendant." (Emphasis in Lowe.) Stated differently, if the insurer is joined as a defendant by its insured, it is afforded the option under Lowe, if it acts timely, of being dismissed as a party to the case. Consequently, the insurer's withdrawal from the case under Lowe terminates its right to participate in discovery. Rule 26, A.R.Civ. P.
*685 Although the insurer may elect to withdraw very early in the case, as Alfa did here, Lowe does not mandate that it do so. We stated in Lowe that the insurer has the option to withdraw from the case, provided that it exercises that option within a reasonable time after service of process. It was also stated that whether the insurer's motion to withdraw is timely made is left to the discretion of the trial court, to be judged according to the posture of the case. Logically, the insurer would not want to withdraw from the case too early, before it could determine, through the discovery process, whether it would be in its best interest to do so. On the other hand, the insurer cannot delay, unnecessarily, in making its decision whether to withdraw. We believe that it would not be unreasonable for the insurer to participate in the case for a length of time sufficient to enable it to make a meaningful determination as to whether it would be in its best interest to withdraw.
Alfa had the right under Lowe to withdraw from the present case at the time that it filed its motion on May 2, 1988. However, Alfa sought permission in that motion to continue to participate in discovery and, in addition, sought in its August 29, 1988, amended motion to reserve the right to intervene, if it determined that it would be in its best interest to later reenter the case. This is just the opposite of the procedure that was sanctioned in Lowe. Although Alfa argues that its request to participate in discovery was in the nature of a request for additional relief and, therefore, that its inclusion in the motion is not a ground upon which the trial court could have based its ruling, we view Alfa's request to withdraw as being conditioned on its also being allowed to participate in discovery. The clear import of Alfa's motion, as amended, is that Alfa wanted out of the case, but only if it could monitor the progression of the case through the discovery process and then intervene if it deemed it necessary in order to protect its interest. Construing Alfa's motion in this manner, the trial court had no authority to grant it. Therefore, having failed to prove that it made a proper election to withdraw from the case, Alfa has shown no error on the trial court's part. The writ of mandamus will not issue in the absence of a clear legal right to the relief sought and an imperative duty upon the respondent to perform, accompanied by a refusal to do so. Neither of these prerequisites appears here. Accordingly, Alfa's petition for a writ of mandamus must be, and it is, denied.
Relying on § 6-3-21.1, Edgar contends that the trial court erred in denying his motion to transfer the case from Coffee County to Covington County. Section 6-3-21.1 reads as follows:
"(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. Provided, however, this section shall not apply to cases subject to section 30-3-5.
"(b) The right of a party to move for a change or transfer of venue pursuant to this statute is cumulative and in addition to the rights of a party to move for a change or transfer of venue pursuant to section 6-3-20, section 6-3-21 or Alabama Rules of Civil Procedure." (Emphasis added.)
This section authorizes the trial court to transfer a case to another county in which it might have been properly filed if, within its discretion, it determines that it would be more convenient for the parties and witnesses, or in the interest of justice, to do so. Ex parte Smith, supra. The burden was on Edgar, as the movant, to establish that the case should be transferred to Covington County. See Ex parte Reliance Ins. Co., 484 So.2d 414 (Ala.1986).
In support of his motion, Edgar submitted his affidavit, which, in pertinent part, reads as follows:
"My name is TERRY L. EDGAR and I was involved in a motor vehicle accident *686 on January 14, 1987. Eleanor C. Dean was also involved in this accident.
"The accident occurred in Covington County, Alabama, on Covington County Road number 93. Both Mrs. Dean and I are residents of Covington County as are the witnesses and investigating officers.
"It would certainly be far more convenient for me if the case is tried in Covington County as opposed to the Elba Division of Coffee County."
Although Ms. Dean alleged in her complaint that the accident occurred in Coffee County, it appears to us that Edgar's assertion in his affidavit that the accident occurred in Covington County is not presently in dispute. Furthermore, it does not appear to us that any of the remaining assertions in Edgar's affidavit are in dispute. Even so, the record does not reveal that Edgar presented any evidence to the trial court tending to show that venue in Covington County would be more convenient for Ms. Dean, Alfa, the witnesses, or the investigating officers. Neither Ms. Dean nor Alfa requested that the case be transferred to Covington County and, in fact, Ms. Dean argues vigorously against a transfer in her response to Edgar's petition for a writ of mandamus. In addition, there is no evidence tending to show that justice would not be served if the case is allowed to remain in Coffee County, even though venue in Covington County apparently would be more convenient for Edgar. For these reasons, we cannot hold that the trial court abused its discretion in denying Edgar's motion to transfer the case to Covington County. See Ex parte Smith, supra. Edgar's petition for a writ of mandamus is, therefore, denied.
WRITS DENIED.
HORNSBY, C.J., and SHORES, ADAMS and KENNEDY, JJ., concur.
JONES, J., concurs specially.
JONES, Justice (concurring specially).
I concur in the denial of the petitions for writ of mandamus. I do so with the understanding that the opinion does not preclude Alfa from withdrawing as a party to the litigation, even at this late date, if it no longer insists upon the conditions attached to its earlier attempts to withdraw. The discretion of the trial court, with respect to the timeliness of the underinsured motorist insurance carrier's withdrawal as a party litigant, as spoken to in Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala.1988), should be liberally exercised in favor of allowing the insurer a reasonable time within which to complete the necessary discovery to exercise its informed discretion to remain in or to withdraw from the litigation.
NOTES
[1] Alfa's motion, as amended, reads as follows:

"Comes now Defendant ALFA MUTUAL INSURANCE (hereafter ALFA), by and through the undersigned attorney and amends, pursuant to Rule 15, Alabama Rules of Civil Procedure, Defendant's Notice of Election, as follows:
"FIRST AMENDMENT
"Defendant ALFA, adds to and supplements the Notice of Election Not To Participate in Plaintiff's Action against Defendants Edgar & ALFA, previously filed in this cause, as follows. Defendant ALFA elects not to participate in the trial of this action. Defendant ALFA reserves the right to join this action and desires this notice to be given without prejudice with Defendant ALFA reserving the right to join the litigation of this action. As grounds Defendant ALFA says as follows:
"1. Pursuant to Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala.1988), Defendant ALFA is allowed to notify the Court and parties ALFA will not participate in the trial. The election by Defendant ALFA is in accordance with the above cited authority, said authority prohibits the Plaintiff from introducing into the trial of the case insurance coverage or protection with Defendant ALFA or underinsured motorist obligations of Defendant ALFA.
"WHEREFORE, Defendant ALFA requests the following relief:
"A. A hearing before the Court to consider this notice.
"B. An order from this court holding such action is approved by the Court, without prejudice to ALFA returning as a party [to] this action and participating in the trial of this case.
"C. An order notifying the parties, pursuant to the above cited Supreme Court opinion, the parties will be enjoined and restrained from mentioning insurance coverage during the trial of this action until such time as Defendant ALFA returns as a party to this action.
"D. An order staying the prosecution of this action against Defendant ALFA and prohibiting execution upon the policy of insurance of Plaintiff ELEANOR DEAN and Defendant EDGAR until such time as an evidentiary hearing is conducted to demonstrate Plaintiff has received a judgment against Defendant EDGAR in excess of all bodily injury liability insurance limits providing insurance protection for Defendant ALFA.
"E. An order approving Defendant ALFA participating in discovery of this action for the purposes of evaluating, determining, monitoring and investigating the claim of Plaintiff ELEANOR DEAN against Defendant ALFA.
"F. For all other and further relief to which Defendant may be entitled."