HOUSTON, Justice.
Morgan Keegan & Company, Inc. (“Keegan”), an investment brokerage company, and William Ogletree, one of Keegan’s employees, have petitioned this Court for a writ of mandamus directing the Honorable Stuart Leach, Judge of the Jefferson County Circuit Court, to stay the action filed against them by Auburn National Bank (“the Bank”) and to order the Bank to submit its claims to arbitration. The writ is denied.
The record reveals that Ogletree, acting as Keegan’s agent, sold a “Ford Motor Credit Company extendable note” to the Bank in April 1986. The Bank sued Kee-gan and Ogletree in December 1988, alleging breach of contract and fraud in connec *183 tion with the sale of that note. Keegan and Ogletree filed a motion to stay the action, asking the trial court to order the Bank to submit its claims to arbitration. This motion was based upon an agreement entered into between Keegan and the Bank on October 17, 1986, entitled “OTC Options Agreement.” That agreement, in pertinent part, reads as follows:
“This is to confirm any purchases or sales, loans or other transactions involving put and call option securities, including but not limited to Over-the-Counter (‘OTC’) options on U.S. Government debt securities, (not traded on a securities exchange) by the undersigned [the Bank] with you [Keegan] shall be governed by the terms of our agreement with you with respect to such transactions[1] and by the following additional terms:
[[Image here]]
“10. It is understood that the following agreement to arbitrate does not constitute a waiver of the right to seek a judicial forum where such a waiver would be void under the federal securities laws. The undersigned agrees and by carrying an account(s) for the undersigned you agree that except as inconsistent with the foregoing sentence all controversies which may arise between the undersigned and you (including your employees and agents) concerning any transaction in any account(s) [or] the construction, performance [or] breach of this or any other agreement between us, whether entered into prior on or subsequent to the date hereof shall be determined by arbitration. Any arbitration shall be in accordance with the rules in effect of either the New York Stock Exchange, Inc., American Stock Exchange, Inc., National Association of Securities Dealers, Inc. or where appropriate, the Chicago Board Options Exchange or National Futures Association, as the undersigned may elect. The undersigned authorizes you to make such election if such election is not made by the undersigned by registered mail addressed to you at your main office within fifteen (15) days after receipt of notification requesting such election. The award of the arbitrators or a majority of them, shall be final and judgment on the award may be entered in any court having jurisdiction. The undersigned expressly agree(s) service of process in any action shall be sufficient if served by certified mail, return receipt requested, at my last address known to you. The undersigned expressly waives any defense to service of process as set forth above.”
The trial court denied the motion.
The sole issue presented for our review is whether the Bank is contractually bound to arbitrate its claims. Keegan and Ogle-tree argue that the October 17, 1986, agreement requires the Bank to submit its claims to arbitration and, therefore, that the trial court was duty-bound to grant their motion. The Bank argues that the agreement in question does not speak to the April 1986, transaction and, accordingly, that the trial court had no authority to require that its claims be submitted to arbitration.
Mandamus is a drastic and extraordinary writ to be issued only where there is 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court. Ex parte Edgar, 543 So.2d 682 (Ala.1989). Keegan and Ogletree concede that a writ of mandamus cannot issue here unless the October 17, 1986, agreement requires arbitration of the Bank’s claims. See Ex parte Costa and Head (Atrium), Ltd., 486 So.2d 1272 (Ala.1986).
Under Alabama law, the court, not the jury, has the authority to interpret a contract, whether oral or written, that is clear and unambiguous. Alpine Constr. Co. v. Water Works Bd. of the City of Birmingham, 377 So.2d 954 (Ala.1979). In the *184 present ease, the trial court apparently determined that the October 17, 1986, agreement was clear and unambiguous, and ruled that it did not obligate the Bank to submit its claims to arbitration. We agree. The agreement, by its express terms, requires only that the Bank arbitrate those claims arising out of “transactions involving put and call option securities.” Because the April 1986 transaction did not involve such securities, the Bank is under no obligation to submit its claims to arbitration. The writ is, therefore, due to be denied.
WRIT DENIED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.

. The Bank had entered into an agreement with Keegan on October 13, 1986, entitled “Customer’s Agreement.” Keegan and Ogletree do not contend that that agreement requires the Bank to submit its claims to arbitration.