HealthSouth Corporation and its chief executive officer, Richard M. Scrushy, defendants *Page 1087 
in an action pending in the Jefferson Circuit Court, petition for a writ of mandamus directing Judge Jack D. Carl to modify his discovery order of June 5, 1997, by which he granted the defendants' motion to compel as to three discovery requests but denied it as to five others, and to grant the motion to compel in its entirety. We grant the writ.
On December 4, 1996, Lloyd Noland Foundation, Inc. ("Lloyd Noland"), a nonprofit hospital, sued HealthSouth and Scrushy, alleging slander, libel, tortious interference with business relationships, and conspiracy. The action arose out of a newspaper article printed in the Birmingham News, which reported statements made by Scrushy following the denial of Lloyd Noland's application for a "certificate of need" ("CON") by the CON Review Board, of which Scrushy is a member. Lloyd Noland's CON application sought to convert some of its general hospital beds to long-term acute-care hospital beds. If granted, the CON would have classified Lloyd Noland as a specialty hospital and Lloyd Noland would have been exempt from the Medicare program's prospective payment system. The CON also would have allowed reimbursement by Medicare based on the actual costs of the healthcare service provided, rather than reimbursement based upon a national average cost.
The alleged defamatory statements made by Scrushy were stated in the complaint as follows:
 "Lloyd Noland Hospital's plan to create a long-term care hospital is a scam it should be ashamed of."
 "I'm very irritated with this and they should be ashamed of themselves."
 "The whole concept they're pursuing is a scam and I think the truth will come out."
 "Lloyd Noland's project wasn't clean and put together in the same way that Jackson Hospital was."
The defendants denied that Scrushy was accurately quoted in the newspaper, and, as an alternative defense, they answered that certain statements from the printed article could be shown to be true.
On May 9, 1997, the defendants moved to compel production of documents that had been requested in the defendants' "Notice of Taking Deposition" of Gary Glasscock, Lloyd Noland's executive director. Lloyd Noland moved for a protective order limiting discovery to specific issues of the case. On June 5, 1997, the trial court granted the motion to compel production as to the following three sets of items:
 "6. Each and every business plan, financial model, and/or pro forma related to the operation or management of long-term acute-care beds by The Lloyd Noland Foundation, or any of its subsidiaries or affiliates.
 "7. Copies of any agreements that Lloyd Noland Foundation or any of its affiliates has with Jackson Hospital, or any of its affiliates; Medical Center East, or any of its affiliates, related to the management of long-term acute-care beds.
 "8. Copies of any and all documents sent by you to Jackson Hospital and Medical Center East relating in any way to the management of long-term acute-care beds by The Lloyd Noland Foundation or any of its affiliates, now existing or contemplated."
The trial court denied the defendants' motion to compel as to their first five discovery requests, which sought production of the following:
 "1. Complete copies of all documents related to the transaction whereby Lloyd Noland Foundation, Inc., transferred any assets to Tenet, Inc., Tenet (Brookwood Development) Inc., and/or Eastside Ventures, Inc.
 "2. Any and all documents showing any and all funds you received related to the sale of Lloyd Noland Foundation, Inc.'s, assets to Tenet, Inc., Tenet (Brookwood Development) Inc., and/or Eastside Ventures, Inc.
 "3. Any and all documents relating to any income, including, but not limited to, *Page 1088 
all W-2 forms, and Form 1099s that you received from the following firms or any of their affiliates: (a) Lloyd Noland Foundation, Inc.; (b) Health Advantage Plans, Inc.; (c) Eastside Ventures, Inc.; (d) Tenet, Inc.; (e) Tenet (Brookwood Development), Inc.; (f) Burr Forman; and (g) Berkowitz, Lefkovits, Isom Kushner.
 "4. Any and all agreements between you and Lloyd Noland Foundation, Inc., Tenet, Inc., Tenet (Brookwood Development), Inc., Eastside Ventures, Inc., and/or Health Advantage Plans, Inc., including but not limited to employment agreements, consultant agreements, and stock option agreements, in effect for any part of the past five (5) years.
 "5. All reports, memoranda, and/or other documents prepared by you or under your supervision, related to the sale, purchase or acquisition of any assets of The Lloyd Noland Foundation, Inc. in the last five (5) years."
In Ex parte Compass Bank, 686 So.2d 1135 (Ala. 1996), we set out the applicable standard governing this Court's review of discovery disputes in cases similar to this one:
 "Mandamus is the 'proper means of review to determine whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders so as to prevent an abuse of the discovery process by either party.' Ex parte Mobile Fixture Equipment Co., 630 So.2d 358, 360 (Ala. 1993). Mandamus is an extraordinary remedy requiring a showing that there is: '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991); Ex parte Johnson, 638 So.2d 772, 773 (Ala. 1994).
 "Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion. Ex parte Clarke, 582 So.2d 1064, 1067
(Ala. 1991); Ex parte McTier, 414 So.2d 460
(Ala. 1982)."
Ex parte Compass Bank, 686 So.2d at 1137.
 "Pursuant to Rule 26, Alabama Rules of Civil Procedure, a trial court is given authority to either limit or restrict discovery, and once the trial court chooses to so limit or restrict, its action will be liberally and broadly construed. This court will not, therefore, reverse unless it appears the trial court abused its discretion. We note that a finding of an abuse of discretion by the trial court in granting discovery requests is rarely found."
Ex parte Sullivan, Long Hagerty, 567 So.2d 314, 314-15
(Ala.Civ.App. 1990).
The defendants contend that Lloyd Noland, a nonprofit hospital, by alleging defamation, has put its business reputation and character in issue generally, and that, therefore, the additional five sets of items should be produced. See, Longmire v. Alabama State Univ., 151 F.R.D. 414,419 (M.D.Ala. 1992). They also argue that because the alleged statements characterize Lloyd Noland's plan as a scam, evidence indicating whether Lloyd Noland's plans and its corresponding CON application were in any way dishonest or deceptive would clearly be admissible under Rule 405(b), Alabama Rules of Evidence. Rule 405(b) states:
 "In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct."
The defendants argue that the additional items of discovery are relevant on the question whether Lloyd Noland's CON application violated applicable regulations and, therefore, was an effort to improperly receive Medicare reimbursement. The defendants aver that at the time of Lloyd Noland's CON application and the subsequent CON Review Board decision, Lloyd Noland, acting in large part through its executive director, Gary Glasscock, who also presented Lloyd Noland's proposal to the CON Review Board, was intending to sell Lloyd Noland Hospital *Page 1089 
to a for-profit entity, Tenet, Inc. The defendants allege that Gary Glasscock is being paid over $250,000 annually by Lloyd Noland to serve as its executive director and is receiving an additional salary as an officer of Tenet, Inc.
Lloyd Noland contends that the defendants are not entitled to a writ of mandamus because, it argues, they have failed to show that Judge Carl abused his discretion in limiting discovery. Lloyd Noland argues, "[T]he right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party." QuotingAssured Investors Life Ins. Co. v. National Union Assocs.,Inc., 362 So.2d 228, 231 (Ala. 1978).
We must determine whether the trial judge abused his discretion in limiting discovery. Although a trial court possesses broad discretion in the discovery process, it is the duty of this Court to review the exercise of that discretion.Ex parte Compass Bank, supra. After reviewing the briefs and supporting materials, we conclude that the trial judge abused his discretion in limiting discovery. The requested documentation the defendants seek is relevant to the subject matter involved in the pending action. See Rule 26(b)(1), Ala. R. Civ. P. Therefore, the trial judge abused his discretion by not compelling production as to items 1 through 5.
The petition for the writ of mandamus in case 1961758 is granted. The trial judge is directed to grant the motion to compel in its entirety.
HealthSouth and Scrushy filed a second petition, in case 1970010, which seeks in substance the same relief as the petition in case 1961758. That second petition is due to be dismissed as moot.
1961758 — WRIT GRANTED.
1970010 — PETITION DISMISSED AS MOOT.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, COOK, BUTTS, and SEE, JJ., concur.