COOK, Justice.
Dr. Walter Etherton, the defendant in an action pending in the Chambers Circuit Court, petitions for a writ of mandamus directing the trial court to quash subpoenas for the production of records relating *433 to his treatment for chemical dependency. We deny the petition.
Dr. Etherton is a dentist practicing in Chambers County. In September 1996, Dr. Etherton extracted Tammy Reynolds Freeman’s “wisdom teeth” (third lower molars). Following the extraction of her wisdom teeth, Ms. Freeman developed symptoms indicating permanent nerve damage.
Ms. Freeman sued Dr. Etherton, alleging malpractice, breach of contract, and fraudulent suppression. She alleged that Dr. Etherton negligently and wantonly 1) failed to obtain Ms. Freeman’s consent for him to perform the extractions; 2) failed to refer Ms. Freeman to a surgeon qualified to perform the extractions; 3) and failed to properly perform a “complex surgical procedure” and thereby caused Ms. Freeman severe and permanent nerve damage. Ms. Freeman later amended her complaint to allege that Dr. Etherton had breached the applicable standard of care in that he was unfit to perform the extractions because of chemical dependency.
After Dr. Etherton had testified in deposition, Ms. Freeman filed notices of intent to serve subpoenas on the custodians of records at the medical facilities identified by Dr. Etherton in his deposition as the places where he had received treatment for chemical dependency: the Talbott Recovery Campus in Atlanta, Georgia; the Addiction Recovery Services of the University of Alabama at Birmingham’s Center for Psychiatric Medicine; and the office of Dr. Dan Guin of Chambers County. Ms. Freeman sought “any and all records, reports, documents, emergency room records, and any and all other written material contained in your file, in your possession, or under your control, relative to the care, treatment, and confinement at any time whatsoever” of Dr. Etherton.
Dr. Etherton moved to quash the subpoenas, claiming 1) that the information sought was privileged and confidential pursuant to Ala. Code 1975, § 34-26-2,[1] and Rule 503, Ala. R. Evid. (setting out Alabama’s psychotherapist-patient privilege); 2) that federal law, specifically 42 U.S.C. § 290 and 42 C.F.R. §§ 2.63 and 2.64, prohibited the disclosure of the records sought; and 3) that § 34r-38-6'(a provision of the “Alabama Impaired Professionals’ Committee” statute, § 34-38-1 et seq.) protected the records of Dr. Guin, who was engaged by the Committee to continuously monitor and report on Dr. Etherton’s outpatient treatment and rehabilitation.
In support of his motion, Dr. Etherton attached the affidavits of Dr. Jerome Gropper, Talbott’s executive director, and Dr. Sandra Frazier, the medical director of UAB’s Addiction Recovery Services. In their affidavits, Dr. Gropper and Dr. Frazier stated that Dr. Etherton’s treatment by “licensed physicians [and] psychiatric and psychological professionals” was based “in large part on extremely sensitive information provided by Dr. Etherton during private clinical sessions ... in a confidential environment.” Dr. Gropper and Dr. Frazier stated that the records sought by Ms. Freeman were “privileged, confidential, and not subject to a subpoena,” and could be released only in compliance with a court order. The affidavits concluded:
“[M]eaningful chemical dependency treatment requires absolute candor between the patient and the clinical staff. For this reason alone, disclosure of these records would unquestionably harm the integrity of the treatment program at our facility.”
Ms.. Freeman opposed the motion to quash the subpoenas. She argued that, by testifying in deposition and by sending a letter to his patients informing them of his *434 chemical-dependency problem, his treatment, and his return to the practice of dentistry, Dr. Etherton had waived the privilege of confidentiality with regard to his treatment records.
After conducting a hearing, the trial court denied the motion to quash the subpoenas, concluding that Dr. Etherton’s deposition testimony “disclosed significant parts of the matters he now claims are privileged”; thus, held the trial court, Dr. Etherton waived his right to assert the psychotherapist-patient privilege with regard to his treatment records. The trial court also held that neither the federal statute nor § 34-38-6 prohibited the production of Dr. Etherton’s records; it ordered that the subpoenas be issued, but delayed the issuance during the pendency of a mandamus petition to this Court.
We note initially that Dr. Etherton relies, in part, on federal law that prohibits in all but the most compelling circumstances the disclosure of a party’s records relating to treatment for chemical dependency. 42 U.S.C. § 290dd-2; 42 C.F.R. §§ 2.63 and 2.64. However, 42 U.S.C. § 290dd-2(a) specifically provides:
“Records ... of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated^ or directly or indirectly assisted by any department or agency of the United States shall ... be confidential .... ”
(Emphasis added.)
Nothing in the record indicates that the programs at Talbott or UAB through which Dr. Etherton received treatment were “conducted, regulated, or ... assisted by any department or agency of the United States”; therefore, the federal provisions are inapplicable here.
It is also clear from the record, and Dr. Etherton does not dispute on appeal, that the psychotherapist-patient privilege does not apply to Dr. Guin’s records. Dr. Guin was appointed by the Alabama Impaired Professionals’ Committee to monitor the rehabilitation of Dr. Etherton and to report his findings and conclusions to the Committee. Dr. Guin is not a psychological professional, nor did he provide Dr. Etherton with psychological treatment or advice; thus, the privilege does not apply to records maintained by Dr. Guin in monitoring Dr. Etherton’s rehabilitation.
“Mandamus is ‘the proper means of review to determine whether a trial court has abused its discretion ... in resolving discovery matters.... ’ Ex parte Mobile Fixture & Equipment Co., 630 So.2d 358, 360 (Ala.1993). Mandamus is an extraordinary remedy requiring a showing that there is: ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989).
“Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion.”
Ex parte Compass Bank, 686 So.2d 1135, 1137 (Ala.1996) (some citations omitted).
Here, the trial court held:
“Although Ala. R. Evid. 503 does provide for a psychotherapist-patient privilege, Ala. R. Evid. 510 additionally provides that this privilege may be waived by the voluntary disclosure ‘of any significant part of the privileged matter.’ Because it is the court’s opinion that Dr. Etherton waived any privilege afforded by Rule 503 during his direct deposition testimony concerning his course of *435 treatment at Talbott and UAB, Dr. Etherton may not rely upon Rule 503.”
(Emphasis added.)
Dr. Etherton claims that the trial court’s order refusing to quash the subpoenas “subverts the rationale underlying Alabama Rule of Evidence 503;” that he has not waived his right to assert the psychotherapist-patient privilege with regard to his treatment records; and that the trial court erroneously equated his honesty in answering deposition questions with a waiver of the privilege.
We have read Dr. Etherton’s deposition, wherein he stated that he suffered from chemical dependency, identified the substances that he had used, and stated that he had sought and obtained treatment for his problem. Dr. Etherton gave the history of his chemical dependency and testified that he had sent a letter to all of his patients of record notifying them of his chemical dependency, his treatment, his recovery, and his return to the practice of dentistry; however, he said that Ms. Freeman was not one of his patients when he wrote the letter and that it was not sent to her. According to Dr. Etherton’s deposition, when he performed Ms. Freeman’s tooth extractions his treatment consisted of attending weekly meetings and providing randomly requested urine samples. Dr. Etherton testified that in the 10 days preceding his treatment of Ms. Freeman none of his urine samples indicated the presence of a prohibited chemical substance.
Dr. Etherton identified the medical facilities where he received treatment and the local physician who monitored his recovery. Dr. Etherton did not, however, identify the physicians and other healthcare professionals who treated him, nor did he disclose the substance of his treatment or of his communications with those professionals.
Ms. Freeman contends that the deposition testimony revealed enough of the matters Dr. Etherton argues are protected to require the trial court to hold that Dr. Etherton had waived his right to assert the privilege of confidentiality. However, contrary to Ms. Freeman’s assertions and the trial court’s conclusion, we cannot conclude that Dr. Etherton testified “concerning his course of treatment.”
The “Advisory Committee’s Notes” to Rule 510, Ala. R. Evid., point out that application of the waiver doctrine is limited in that it applies “only when the holder has disclosed, or allowed disclosure of, the ‘privileged matter’ ” and in that the disclosure must have been a disclosure “of a ‘significant part’ of [the privileged matter].” The psychotherapist-patient privilege in Alabama is patterned after, and given the same level of protection as, the privilege protecting the confidentiality of lawyer-client communications. Ex parte United Service Stations, Inc., 628 So.2d 501 (Ala.1993). And, as the committee’s notes to Rule 510 point out, a “client does not waive the attorney-client privilege ... by disclosing the subject discussed without revealing the substance of the discussion itself.” Likewise, here, Dr. Etherton’s acknowledging the fact that he has a chemical-dependency problem and that he has been treated for it, even to the extent of acknowledging the chemical substances involved but “without revealing the substance of the discussion itself,” should not be viewed as a waiver of the privilege of nondisclosure of the confidential relations and communications between the psychotherapist and the patient.
“In order to impliedly waive a testimonial privilege, the holder of the privilege must objectively manifest a clear intent not to rely upon the privilege.” Ex parte United Service Stations, Inc., supra, 628 So.2d at 505; Jordan v. State, 607 So.2d 333 (Ala.Crim.App.), cert. denied (Ala. 1992). “The concept of fairness underlies the waiver doctrine.” Advisory Committee’s Notes, Rule 510, Ala. R. Evid.
Section 34-26-2 and Rules 503 and 510 of the Alabama Rules of Evidence protect *436 the substance of the confidential relations and communications between a psychotherapist and a patient. Here, the evidence does not support a conclusion that Dr. Etherton waived the right to assert the privilege of that confidentiality with regard to his treatment records.
Clearly, the records at issue here are examples of what Alabama’s psychotherapist-patient privilege was designed to protect. However, those same records may be, as Ms. Freeman contends, her only source for answering her inquiries as to Dr. Etherton’s fitness and as to whether he made proper disclosures to Ms. Freeman before treating her. Indeed, this Court has observed:
“The public interest is served by encouraging individuals to seek help and treatment for both mental and physical illness. Without the assurance of confidentiality, many individuals would resist seeking help, fearing the potentially humiliating and embarrassing exposure of their private lives. We recognize that both interests are important — the interest in preserving the psychiatrist-patient privilege and the interest in promoting full and thorough discovery.”
Ex parte Rudder, 507 So.2d 411, 415 (Ala.1987).
This Court has broad powers to control the discovery process in order to prevent an abuse of discovery by any party, and we determine, on a case-by-case basis, whether such an abuse has occurred. Ex parte HealthSouth Corp., 712 So.2d 1086 (Ala.1997); Ex parte Rudder, supra.
Dr. Etherton’s treatment records are privileged material and, therefore, generally, nondiscoverable. Further, Dr. Etherton did not waive his right to assert that privilege in response to Ms. Freeman’s discovery requests. However, it is also clear that Ms. Freeman’s burden of presenting substantial evidence in support of her claims against Dr. Etherton is a heavy one and that the records in issue here are perhaps her only source of relevant evidence, or information that will lead to admissible evidence, in support of her claims. Ms. Freeman’s claim of a need for documentary evidence is strengthened by the fact of Dr. Etherton’s admitted inability to remember dates and occurrences crucial to Ms. Freeman’s developing her case. By an in camera review of Dr. Etherton’s treatment records, the trial court will be able to make an informed exercise of its discretion and to determine whether anything contained in the disputed records is discoverable, while ensuring that no unauthorized disclosure occurs.
Because this other adequate remedy is available to Dr. Etherton, we deny the petition for the writ of mandamus.
WRIT DENIED.
HOOPER, C.J, and MADDOX and ENGLAND, JJ., concur.
HOUSTON, SEE, LYONS, BROWN, and JOHNSTONE, JJ., concur in the result.

. "[T]he confidential relations and communications between licensed psychologists, licensed psychiatrists, or licensed psychological technicians and their clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter [Chapter 26 ("Psychologists’) of Title 34 ("Professions and Businesses’)] shall be construed to require any such privileged communication to be disclosed.”