LYONS, Justice.
Geico Casualty Company (“Geico”), one of the defendants in an action arising out of a vehicular accident, has filed a petition for a writ of mandamus requesting that this Court direct the trial court to vacate its order granting the plaintiffs motion to set aside a previous order that granted Geico’s motion to “opt out” of these proceedings. We grant the petition and issue the writ.

I. Factual Background and Procedural History

On December 24, 2007, a vehicle driven by Aundrea Pritchett was involved in an accident with a vehicle driven by Clifford Paparella. On August 29, 2008, Pritchett sued Paparella, an uninsured motorist, and Geico, her uninsured-motorist (“UIM”) benefits carrier, alleging that Paparella caused the collision. Pritchett’s complaint alleged negligence and wantonness. On September 12, 2008, Geico filed an answer and discovery requests. When Pritchett did not respond to Geico’s discovery requests, the trial court granted Geico’s motion to compel on April 17, 2009. Pritchett responded in May 2009.
Geico began communicating with counsel for Pritchett and Paparella in November 2008 about scheduling depositions. However, Geico says, Pritchett and Paparella did not make themselves available for deposition until March 11, 2010, and February 19, 2010, respectively. Geico states that on March 16, five days after Pritch- *743 ett’s deposition, “after finally having the opportunity to conduct minimal discovery necessary to make a meaningful determination about whether to opt-out of the litigation,” it filed a motion to opt out pursuant to Lowe v. Nationwide Insurance Co., 521 So.2d 1309 (Ala.1988). Pritchett did not oppose the motion; the trial court granted it on March 18.
On March 30, Pritchett filed a motion to vacate the court’s order, arguing that Gei-co’s motion to opt out was not filed within a reasonable time after being served with the complaint and also relying on Lowe. Geico opposed Pritchett’s motion, but on June 23, after a hearing, the trial court entered an order vacating its order of March 18 and concluding that Geico had not timely exercised its right to opt out. The June 23 order also required Geico to appear for trial on August 2, less than six weeks later. Upon Geico’s filing of its petition, we ordered answers and briefs and stayed further proceedings in the trial court.

II. Standard of Review

“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)). A petition for a writ of mandamus is the appropriate means for challenging a trial court’s refusal to grant a UIM carrier the right to opt out of litigation pursuant to Lowe. Ex parte Aetna Cas. & Surety Co., 708 So.2d 156 (AIa.1998).

III. Analysis

In Lowe, this Court set out the rights of a UIM carrier when its insured is involved in litigation:
“A plaintiff is allowed either to join as a party defendant his own liability insurer in a suit against the underinsured motorist or merely to give it notice of the filing of the action against the motorist and of the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial. If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect either to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), or not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court).”
521 So.2d at 1310.
Geico argues that the trial court exceeded its discretion when it “unilaterally overruled” Geico’s right to opt out of the litigation and, after vacating the order of March 18 allowing Geico to opt out, ordered Geico to appear for trial in six weeks. Geico acknowledges that whether an insurer’s request to opt out is timely made “is left to the discretion of the trial court, to be judged according to the posture of the case.” Lowe, 521 So.2d at 1310. However, Geico points out that it was not required to opt out early in the litigation.
“Although the insurer may elect to withdraw very early in the case, ... Lowe does not mandate that it do so. We stated in Lowe that the insurer has the option to withdraw from the case, provided that it exercises that option within a reasonable time after service of process. It was also stated that whether the insurer’s motion to withdraw is timely made is left to the discretion of the trial court, to he judged according to *744 the posture of the case. Logically, the insurer would not want to withdraw from the case too early, before it could determine, through the discovery process, whether it would be in its best interest to do so. On the other hand, the insurer cannot delay, unnecessarily, in making its decision whether to withdraw. We believe that it would not be unreasonable for the insurer to participate in the case for a length of time sufficient to enable it to make a meaningful determination as to whether it would be in its best interest to withdraw.”
Ex parte Edgar, 543 So.2d 682, 685 (Ala.1989).
Geico maintains that, in light of the facts of this case, it was reasonable for it to wait until it had the testimony of its insured, Pritchett, and of the alleged tortfeasor, Paparella. Moreover, Geico contends, the delay in conducting the depositions and obtaining sufficient relevant information, especially regarding damage, to enable it make a meaningful decision about opting out was caused by delays and continuances requested by Pritchett and Paparella, proof of which was given to the trial court. Geico contends that it realistically could not have had sufficient relevant information to make a meaningful determination about opting out until it had deposed Pritchett and Paparella.
Geico states that the record before the trial court showed that it began trying to obtain Pritchett’s deposition in November 2008, but Pritchett did not agree to a date until March 2010. Geico moved to opt out within five days after the completion of her deposition. Moreover, Geico says, it was necessary for it to participate in discovery beyond the initial filing of interrogatories and requests for production with its answer in 2008 because Pritchett failed to respond to those initial requests. Geico resorted to a motion to compel in April 2009; Pritchett responded in May 2009. These facts, Geico says, also show the lack of merit in Pritchett’s argument that Geico waived its right to opt out by participating in the litigation. Nevertheless, the trial court granted Pritchett’s motion to vacate the order of March 18 allowing Geico to opt out, and the order of June 23 required Geico to be ready for trial in six weeks.
Pritchett argues that Geico waited too long to opt out because it had answers to discovery showing the amount of her damage several months before the depositions were taken. The purpose of the “reasonable time” standard, Pritchett says, is so that an insurer has a “length of time sufficient to enable it to make a meaningful determination as to whether it would be in its best interest to withdraw.” Edgar, 543 So.2d at 685. However, Pritchett insists, the insurer may not unnecessarily delay its decision. Id. Geico submits that it has found no Alabama case in which a motion to opt out filed five days after the plaintiffs deposition has been taken has been held to be untimely or unreasonably dilatory. This Court’s research has likewise yielded no cases that so hold. Here, although Geico participated in the litigation for approximately a year and a half, we do not find that Geico’s motion to opt out, coming as it did only five days after it took the deposition of its insured, Pritch-ett, was untimely.
Pritchett also argues that Geico should be required to reveal what it learned in the depositions that made its decision to opt out appropriate. According to Pritchett, Geico not only unnecessarily delayed its decision to opt out by waiting until after it took her deposition, but it also failed to provide any proof that the discovery it claimed was necessary before it could make a decision actually had any impact on its decision to opt out. Geico, she argues, has not identified any revelation obtained in the depositions of the par *745 ties that made opting out shortly before trial in its best interests. Geico states that it has found no authority to support Pritchett’s argument, reasoning that requiring it to provide the information supporting its decision to opt out is contrary to the principles protecting attorney-client communications and the attorney-work-product doctrine. The decision to opt out in this case, Geico says, was based on a legal analysis by Geico and its counsel, and it should not be forced to reveal information that is clearly privileged. We agree.
Finally, Pritchett argues that Gei-co’s continued participation in the litigation until taking her deposition was unreasonable because much of the delay was caused by the defendants’ seeking a change in venue and, after the trial court denied relief in that regard, petitioning this Court for a writ of mandamus concerning the venue question. The real delay, she says, was because of Geico’s actions in seeking a change of venue and then unsuccessfully petitioning this Court for a writ of mandamus. Geico points out that the venue motion was initiated by Paparella, and, therefore, Geico did not create the resulting delays in litigation while the motion and then the petition for a writ of mandamus were pending. Geico argues that even if it had been responsible for challenging venue, there is no legal authority to support divesting it of its right to opt out of the litigation because it exercised a legal right to contest venue. Litigants should not be forced, Geico contends, to choose between substantive legal rights, such as the right to contest venue, and the right to opt out of litigation. Again, we agree. We find no caselaw or statutory provisions in Alabama that would have required Geico to choose between joining Paparella’s venue litigation or opting out of the case. The time during which the case was stayed while the venue litigation was pending is irrelevant to the timeliness of Geico’s motion to opt out.
The trial court’s order of June 23, in which it vacated its order of March 18 allowing Geico to opt out of this litigation and required Geico to appear for trial on August 2, is contradictory to the requirement in Lowe and its progeny that a UIM carrier must be given a reasonable opportunity to participate in litigation for a sufficient length of time to allow it to make a meaningful determination as to whether its best interests would be served by opting out of the litigation. Therefore, we conclude that the trial court exceeded its discretion when it vacated the March 18 order allowing Geico to opt out of this litigation.

TV. Conclusion

For the reasons previously stated, we grant Geico’s petition for a writ of mandamus; we direct the trial court to vacate its order of June 23 and to reinstate its order of March 18 allowing Geico to opt out of this litigation.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.