Rel: 9/26/14

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130820

_____

**Ex parte Electric Insurance Company**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Paul Nelson Bolt**

**v.**

**Electric Insurance Company and John Christopher Wilson)**

**(Marshall Circuit Court, CV-12-000072)**

BRYAN, Justice.

Electric Insurance Company ("Electric") petitions this Court for a writ of mandamus directing the Marshall Circuit

1130820

Court to allow Electric, an uninsured-motorist insurer, to "opt out" of the trial of the underlying case. The issue presented by this petition is whether Electric asserted its right to opt out within a reasonable time. We conclude that it did; thus, we grant the petition and issue the writ.

The facts giving rise to this action are as follows. An automobile being driven by Paul Nelson Bolt was involved in an accident with an automobile being driven by John Christopher Wilson, an uninsured motorist. On April 4, 2012, Bolt sued Wilson and Electric, Bolt's uninsured-motorist insurer, alleging that he had sustained various injuries in the accident and that the accident was caused by Wilson's negligence and wantonness. On May 17, 2012, Electric answered the complaint and served Bolt with interrogatories and a request for production. On July 6, 2012, Bolt responded to the discovery requests. Electric deposed Bolt on September 26, 2012. In the latter part of 2013 and early 2014, Bolt deposed four physicians who had treated him following the accident. Those depositions were taken on October 7, 2013, October 17, 2013, November 7, 2013, and January 17, 2014.

On December 3, 2013, the trial court ordered the parties to submit a proposed scheduling order, which they did. On February 4, 2014, the trial court adopted the scheduling order submitted by the parties. The scheduling order provided that the last day for Electric to amend its answer would be March 15, 2014, that discovery would be completed no later than March 28, 2014, and that the trial would be held on May 12, 2014.

On March 14, 2014 -- one day before the last day Electric could have freely amended its answer -- Electric filed a motion seeking to opt out of the trial under Lowe v. Nationwide Insurance Co., 521 So. 2d 1309 (Ala. 1988). Bolt objected to Electric's attempt to opt out. Following a hearing, the trial court denied Electric's motion, without stating a reason. Electric then petitioned this Court for a writ of mandamus directing the trial court to allow Electric to opt out of the trial. We stayed the proceedings below pending the resolution of the mandamus petition.

> "A writ of mandamus is an extraordinary remedy, and it will be 'issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly

1130820

invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So. 2d 501, 503 (Ala. 1993)."

Ex parte Empire Fire & Marine Ins. Co., 720 So. 2d 893, 894 (Ala. 1998). "A petition for a writ of mandamus is the appropriate means for challenging a trial court's refusal to grant a[n uninsured-motorist] insurer the right to opt out of litigation pursuant to Lowe. Ex parte Aetna Cas. & Surety Co., 708 So. 2d 156 (Ala. 1998)." Ex parte Geico Cas. Co., 58 So. 3d 741, 743 (Ala. 2010).

In Lowe, this Court discussed the rights of an underinsured-motorist insurer when its insured is involved in litigation. Although Lowe involved an underinsured motorist, we noted in that case that the term "underinsured motorist" is statutorily included within the term "uninsured motorist." 521 So. 2d at 1309 n. 1 (citing § 32-7-23(b), Ala. Code 1975). Our analysis in Lowe and its progeny applies equally to underinsured and uninsured motorists. See, e.g., Ex parte Geico. In Lowe, this Court stated:

"A plaintiff is allowed either to join as a party defendant his own liability insurer in a suit against the underinsured motorist or merely to give it notice of the filing of the action against the motorist and of the possibility of a claim under the underinsured motorist coverage at the conclusion of

4

1130820

the trial. If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect either to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), or not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court)."

Lowe, 521 So. 2d at 1310 (some emphasis omitted; some emphasis added).

"We stated in Lowe that the insurer has the option to withdraw from the case, provided that it exercises that option within a reasonable time after service of process. It was also stated that whether the insurer's motion to withdraw is timely made is left to the discretion of the trial court, to be judged according to the posture of the case. Logically, the insurer would not want to withdraw from the case too early, before it could determine, through the discovery process, whether it would be in its best interest to do so. On the other hand, the insurer cannot delay, unnecessarily, in making its decision whether to withdraw. We believe that it would not be unreasonable for the insurer to participate in the case for a length of time sufficient to enable it to make a meaningful determination as to whether it would be in its best interest to withdraw."

Ex parte Edgar, 543 So. 2d 682, 685 (Ala. 1989). Although Lowe was decided more than 25 years ago, there have been very few opinions addressing whether an insurer timely asserted its right to opt out. See Ronald G. Davenport, Alabama Automobile Insurance Law § 33:4 (4th ed. 2013); see also Ex parte Geico,

5

supra (concluding that the motion to opt out was timely when it was filed five days after the insurer deposed its insured).

We must determine whether Electric asserted its right to opt out of the trial within a reasonable time. In Ex parte Edgar, we emphasized that such a determination must be made in light of "the posture of the case." Given the posture of this case, we conclude that Electric asserted its right to opt out within a reasonable time. Significantly, Electric attempted to opt out of the trial before the final day on which the scheduling order allowed Electric to amend its answer. By amending its answer, Electric could have complicated the case by adding parties, defenses, or counterclaims, and those changes may have delayed the trial. Conversely, Electric's opting out of the trial would simplify and streamline the case and would not delay the trial. It is inconsistent, on the one hand, to allow Electric freely to amend its answer and, on the other hand, to forbid Electric from exercising its right under Lowe to opt out of the trial.

We have noted that "the insurer would not want to withdraw from the case too early, before it could determine, through the discovery process, whether it would be in its best

6

interest to do so." Ex parte Edgar, 543 So. 2d at 685. Electric sought to withdraw only after Bolt had deposed four physicians who had treated him following the accident. Those physicians testified regarding the extent of Bolt's various alleged injuries and whether the accident may have caused those injuries. Electric reasonably waited until after the physicians had been deposed to fully assess the strength of Bolt's personal-injury case and whether opting out would be in its best interest. We recognize that Electric asserted its right to opt out 56 days after the taking of the final physician's deposition. Considering that Electric sought to withdraw within the period in which it could have amended its answer and only 38 days after the trial court adopted the scheduling order submitted by the parties, such a delay was reasonable.

Electric asserted its right to opt out of the trial within a reasonable time. Accordingly, we grant the petition for a writ of mandamus and direct the trial to grant Electric's motion seeking to opt out of the trial.

PETITION GRANTED; WRIT ISSUED.

1130820

Stuart, Bolin, Parker, Murdock, Shaw, Main, and Wise, JJ., concur.

Moore, C.J., dissents.