Rel: October 17, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

### SC-2025-0239

_____

### Ex parte Renasant Bank

### PETITION FOR WRIT OF MANDAMUS

### (In re: Renasant Bank

### v.

### Joseph Sanchez)

### (Madison Circuit Court: CV-24-900882)

BRYAN, Justice.

Renasant Bank ("the bank") petitions this Court for a writ of mandamus directing the Madison Circuit Court to vacate its order canceling a previously scheduled bench trial and to set the matter for a bench trial. Because the bank does not demonstrate that the circuit court had an imperative duty to conduct a bench trial, and because the circuit court has not refused to enforce Joseph Sanchez's jury-trial waiver, we deny the bank's petition.

## I. Facts

In May 2023, Sanchez filed a petition for bankruptcy under Chapter 13 of Title 11 of the United States Code ("the Bankruptcy Code"). The United States Bankruptcy Court for the Northern District of Alabama dismissed Sanchez's bankruptcy case for failure to comply with Rule 1007, Fed. R. Bankr. P. On July 11, 2023, Sanchez filed another petition for bankruptcy. On July 21, 2023, Sanchez filed an amended Chapter 13 bankruptcy plan, in which he acknowledged that he was in default on a residential mortgage loan from the bank in the amount of $17,895.51. Sanchez later converted his bankruptcy action to one under Chapter 7 of the Bankruptcy Code.

2

On May 1, 2024, the bankruptcy court permitted the bank to foreclose its security interest under Sanchez's mortgage. On May 30, 2024, the bank purchased Sanchez's property at a public foreclosure sale and received a mortgage-foreclosure deed to the property.

On June 14, 2024, the bank initiated an ejectment action in the circuit court. On August 12, 2024, the circuit court set the matter for a bench trial to be held on March 3, 2025.

On August 21, 2024, the bank filed an amended complaint. In that complaint, the bank alleged that Sanchez refused to vacate the property and was in unlawful possession of the property. On September 9, 2024, Sanchez served discovery requests on the bank.

On October 9, 2024, Sanchez answered the amended complaint and asserted numerous affirmative defenses and counterclaims. In his answer, Sanchez demanded a jury trial. The circuit court took no action on Sanchez's jury-trial demand at that time. The next day, Sanchez filed a motion to compel the bank to respond to his discovery requests. On November 14, 2024, the circuit court entered an order granting Sanchez's motion to compel. In its order, the circuit court stated: "[The bank] shall provide full and complete responses to <u>all</u> previous discovery requests

within twenty-one (21) days of the date of this order or the Court will consider sanctions for failure to comply."

The bench trial scheduled for March 3, 2025, did not occur on that date, apparently because the matter was stayed while a mandamus petition filed by the bank was pending in this Court between December 6, 2024, and February 12, 2025. On March 20, 2025, the bank moved the circuit court to set the matter for a bench trial. The same day, the circuit court granted the bank's motion and set the matter for a bench trial to be held on June 3, 2025. Later that same day, Sanchez moved to vacate the order setting the bench trial and to set the matter for a jury trial on the next available date. On March 25, 2025 the circuit court canceled the scheduled bench trial and set the matter for a status conference to be held on May 1, 2025 ("the cancellation order").

On March 27, 2025, the bank moved to strike the cancellation order. In its motion, the bank argued that Sanchez had waived his right to a jury trial by signing a jury-trial waiver. The bank attached to its motion a copy of the jury-trial waiver, which Sanchez had signed on September 7, 2021, when he executed the mortgage. That waiver states:

> "In any civil action, counterclaim, or proceeding, whether at law or in equity, which arises out of and/or

4

concerns, or relates to the agreement to extend credit between [Sanchez] and [the bank], and any and all transactions contemplated by this agreement, and the performance of this agreement, or the relationship created by this agreement, whether sounding in contract, tort, strict liability, or otherwise, the trial shall be to a court of competent jurisdiction and not to a jury. Any party may file an original counterpart or a copy of this agreement with any court, as written evidence of the consent of the parties to this agreement of the waiver of their right to trial by jury. Neither party has made or relied upon any oral representations to or by any other party regarding the enforceability of this provision. Each party has read and understands the effect of this jury waiver provision. Each party acknowledges that it has been advised by its own counsel with respect to the transaction governed by this agreement and specifically with respect to the terms of this section."

On April 8, 2025, the circuit court entered an order denying the bank's motion. On April 14, 2025, the bank moved to alter, amend, or vacate the circuit court's order, but the circuit court denied that motion the same day. The bank petitioned this Court for a writ of mandamus directing the circuit court to set the matter for a bench trial.

## II. Standard of Review

"'The standard governing our review of an issue presented in a petition for the writ of mandamus is well established:

"'"[M]andamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2)

5

an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."

"'Ex parte Edgar, 543 So. 2d 682, 684 (Ala. 1989).'

"'....'

"Ex parte Cupps, 782 So. 2d 772, 774-75 (Ala. 2000)."

Ex parte BancorpSouth Bank, 109 So. 3d 163, 166 (Ala. 2012).

### III. Analysis

In its petition, the bank contends that it has a clear legal right to an order striking the cancellation order and setting the matter for a bench trial because, it contends, Sanchez's jury-trial waiver is enforceable. However, before we address the enforceability of the jury-trial waiver, we note that, even if the jury-trial waiver is enforceable, the bank would not be entitled to the specific relief that it seeks.

In its petition, the bank states that it "petitions this [C]ourt for a writ of mandamus to compel [the circuit court] to enforce the plain terms of the jury[-]trial[-]waiver agreement signed by [Sanchez] and to compel [the circuit court] to enter an Order setting the case for a bench trial ...." Petition, p. 1. Later, the bank states that the only remedy is a writ of

6

mandamus "directing [the circuit court] to grant [the bank's] Motion to Strike Jury Demand and to order a bench trial." Id., p. 16. In the conclusion of the bank's petition, the bank again requests a writ of mandamus "directing [the circuit court] to grant the [bank's] motion to set the case for bench trial and to enforce the jury[-]trial[-]waiver agreement." Id., pp. 16-17.

Thus, it appears that the relief the bank seeks is threefold: (1) an order striking Sanchez's jury-trial demand, (2) an order setting the matter for a bench trial, and (3) enforcement of the jury-trial waiver. However, there are problems with each aspect of the relief the bank seeks.

First, the bank seeks an order striking Sanchez's jury-trial demand. However, the bank's request in this Court does not align with the relief the bank requested in the circuit court. After the circuit court canceled the bench trial and set the matter for a status conference in response to Sanchez's jury-trial demand, the bank did not move to strike Sanchez's jury-trial demand. Instead, the bank moved to strike the circuit court's cancellation order and to reset the matter for a bench trial. Further, although Sanchez labeled his response to the bank's motion as a

7

"Response to Motion to Strike Jury Demand," and although the bank labeled its reply as a "Reply to [Sanchez's] Response to Motion to Strike Jury Demand," that reply also did not actually request an order striking the jury demand. Like the bank's original motion to strike, its reply also requested that the circuit court strike the cancellation order and reset the matter for a bench trial.

Thus, it does not appear from the exhibits attached to the bank's petition that the bank ever sought an order striking Sanchez's jury-trial demand. Because the bank's motion did not ask the circuit court to strike Sanchez's jury-trial demand, the circuit court's denial of the bank's motion was not a refusal to strike the jury-trial demand, which is a necessary requirement for mandamus relief. Ex parte BancorpSouth Bank, 109 So. 3d at 166. For this reason, the bank does not demonstrate that it is entitled to an order striking Sanchez's jury-trial demand.

Next, the bank seeks an order setting the matter for a bench trial. However, the bank fails to demonstrate that a jury-trial waiver confers a clear legal right to a bench trial. Rather, the right conferred by a valid jury-trial waiver is the right not to have a jury trial. Of course, if the jury-trial waiver is enforceable and the matter proceeds to a trial on the

8

merits, that trial would be a bench trial, but there is nothing in the jury-trial waiver requiring a bench trial rather than some other disposition of the matter. For instance, the parties could choose to settle the matter or the matter could be disposed of on summary judgment or by another procedural mechanism. Assuming, without deciding, that the jury-trial waiver is enforceable, the bank has no clear legal right to an order scheduling a bench trial. Accordingly, the circuit court had no corresponding duty to schedule a bench trial, and its action in canceling the bench trial and scheduling a status conference does not constitute a refusal to perform such a duty.

Had the circuit court actually scheduled a jury trial, the bank might have had a clear legal right to an order canceling it, but that is not what happened here. Instead, the circuit court scheduled a status conference. Although a status conference often precedes a jury trial, the bank does not demonstrate that a status conference, without more, violates its alleged right not to have a jury trial.

Finally, the bank seeks an order generally enforcing the jury-trial waiver. However, as explained above, it is not clear that the circuit court has refused to enforce the jury-trial waiver. For all that appears, it may

9

be that the circuit court scheduled the status conference to clarify the issues regarding the jury-trial waiver; nothing in the materials before us indicates that the circuit court has yet ruled on the enforceability of the jury-trial waiver.

## IV. Conclusion

For the foregoing reasons, the bank has failed to demonstrate that it has a clear legal right to the relief it seeks based on the materials currently before this Court. Accordingly, we deny the bank's petition.

PETITION DENIED.

Stewart, C.J., and Shaw, Wise, Sellers, Mendheim, Cook, McCool, and Lewis, JJ., concur.